## 20956. ELLER et al. v. MATTHEWS.

QUILLIAN, Justice. 1. A petition for a writ of habeas corpus, seeking custody of minor children, which alleges that such children are in the custody of the defendant; that the defendants are not fit or proper persons, that the children are deprived of proper clothing and sufficient food, that they have been cruelly beaten, and that the petitioner fears bodily harm will be done unless they are restored to the custody of the petitioner, sets out a cause of action for the issuance of the writ. *Barber v. Wells,* 213 Ga. 1 (96 S. E. 2d 595).

2. While the right to the custody of a minor child is prima facie in the father, such right may be lost by abandonment, cruel treatment, and failure to furnish necessaries; and, there being sufficient evidence to find that parental control had been lost in one or more of these ways, it is proper for the court, in considering as the paramount issue the welfare and happiness of the child or children in question, to award them to a third person. The evidence here was sufficient to support a finding that the father and stepmother of the children in question were not fit or proper persons to have their custody; that the father had by his cruel treatment, his condonation of the cruel treatment of the children by the codefendant stepmother, and his failure to provide the children with the necessaries of life, lost parental control of them, and that the maternal uncle of the children, the plaintiff in this action, was a fit and proper person to be awarded their custody. *Dornburg v. McKellar,* 204 Ga. 189 (48 S. E. 2d 820); *Hammond v. Murray,* 151 Ga. 816 (108 S. E. 203); *Code* § 74-110.

3. In a habeas corpus proceeding seeking custody of minor children, it is not error to admit testimony tending to throw light on the moral character of a party to the action seeking such custody, since this is one of the issues for the consideration of the trial court. *Brown v. Harden,* 150 Ga. 99 (2) (102 S. E. 864).

4. Nor is it error to permit a teacher of one of the children to testify in effect that in her opinion, if the child had previously been failing all subjects, it would suggest to her that such child was emotionally disturbed. *Code* § 38-1710.

5. An objection to testimony merely on the ground that it is im-

material is too general for consideration. *Reed v. White*, 207 Ga. 623 (8) (63 S. E. 2d 597).

6. In view of the foregoing rulings, the trial court did not err in overruling the demurrers to the petition for habeas corpus, nor in subsequently granting to the petitioner, custody of the minor children involved.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1960—DECIDED SEPTEMBER 8, 1960—

REHEARING DENIED SEPTEMBER 21, 1960.

*Hicks & Henderson, G. Robert Howard, J. Douglas Henderson,* for plaintiffs in error.

*Allen, Duncan & Ford, Russell A. Ford, Sr., Vernon W. Duncan,* contra.