A89A1012. CAROLE LYDEN SMITH ENTERPRISES, INC. et al.
v. MATHEW et al.
(387 SE2d 577)

BIRDSONG, Judge.

Appellant corporation et al. were plaintiffs in a suit against the appellees, who are Louisiana residents, for, inter alia, breach of franchise agreements and obligations. The trial court granted the appellee-defendants' motion to dismiss for lack of jurisdiction.

Appellants contend on appeal the trial court erred in failing to make specific findings of fact and conclusions of law, and erred in finding appellees had insufficient "minimum contacts" with this state to support contract and tort claims in a lawsuit. *Held:*

1. The trial court was not required to make specific findings of fact and conclusions of law in granting defendants' motion to dismiss for lack of jurisdiction, either under the previous version of OCGA §

9-11-52, or under the statute's present enactment (Ga. L. 1987, p. 1057, § 1), which specifically sets forth the situations in which findings are required. This is not one of them.

2. In the absence of a transcript of any hearing on the motion to dismiss, we must presume the evidence presented was sufficient to support the judgment, for without having before us the evidence heard by the trial court, we cannot address the merits of the objection. *Gibson v. State*, 187 Ga. App. 769, 771 (6) (371 SE2d 413). This is especially true where there are no findings of fact and conclusions of law required or requested, for without a transcript we could not even determine whether a finding of fact is clearly erroneous. See OCGA § 9-11-52 (a), as amended; *Craigmiles v. Craigmiles*, 237 Ga. 498 (228 SE2d 882); *White v. Johnson*, 151 Ga. App. 345, 349 (259 SE2d 731).

Moreover, even had there been a transcript, appellants, although attempting to argue the merits of their contentions, have failed to follow the rules of this court, at Rule 15 (a) (2), by providing citations to the record and transcript for every "fact" of evidence argued, so that its brief consists entirely of unsupported allegations of fact which we cannot consider on appeal. See *Howell Mill &c. Assoc. v. Gonzales*, 186 Ga. App. 909, 911 (368 SE2d 831); *Esco v. Jackson*, 185 Ga. App. 901, 902 (366 SE2d 309).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 28, 1989 —
REHEARING DENIED OCTOBER 30, 1989 — 

*Glenville Haldi*, for appellants.

*Smith, Gambrell & Russell, William W. Maycock, Woodrow W. Vaughan, Jr., Mark T. Sallee*, for appellees.