A90A1759. RENSHAW v. FEAGIN.
(404 SE2d 457)

COOPER, Judge.

On July 27, 1989, appellant brought an action for declaratory judgment and to set aside a 1987 order changing the custody of a minor child. The trial court upheld the order, and we granted appellant's application for discretionary appeal to consider appellant's allegations that the court erred in failing to set aside the order.

The marriage of appellant and appellee was terminated by a Final Judgment and Decree of Divorce in 1982, and custody of the minor child, then one year old, was awarded to appellant, the mother. In 1986, appellant began to experience financial difficulties and believed she could not adequately support herself and the child. Appellant contacted appellee, and an agreement was reached wherein the child would live with appellee during the school year and with appellant during the summer months, each party having visitation rights. Appellee conditioned his consent on a change of custody to prevent a recurrence of appellant allowing the child to remain with appellee for an extended period of time and suddenly taking her away. Appellee also insisted that the agreement be written. Appellant and the child were residing in Fulton County, and appellant explained that she could not afford to hire an attorney to prepare an agreement. As a result, appellee, a resident of Jones County, arranged for a local attorney to prepare a written agreement. At the attorney's office, appellant

and appellee each read and signed a document in which appellant was listed as "plaintiff" and referred to as "wife," filing a complaint for Modification in the Superior Court of Jones County. Appellant testified that she reviewed the agreement and raised an objection to the visitation provision which allowed appellee visitation two weekends each summer month. She stated that she had intended that the child visit every other weekend and one week during vacation but signed the document after assurance from appellee that the provision would not be enforced. The record contains no objection to the agreement in any other respect. Appellee and the attorney presented the agreement in Jones County Superior Court with a complaint for modification and a proposed order prepared by the attorney changing custody to appellee and incorporating the agreement. Appellant was not present when the order was presented and signed.

1. In her first enumeration of error, appellant contends that appellee and his attorney committed an act of fraud and misrepresentation on the court resulting in injury to her. Appellant argues that the order entered by the court changing custody differed significantly from the agreement which appellant claims provided for "temporary shared custody"; that appellant was never sent a copy of the order and the inconsistency constituted misrepresentation of a material fact; that fraud was further evidenced by the attorney's failure to notify appellant of her right to be present in court when the agreement and order were presented; that the attorney represented to the court that he represented both parties when in fact he only represented appellee; that the attorney failed to advise appellant that the appropriate venue for a change of custody was in the county of her residence; and that the attorney failed to disclose the likelihood of conflicts of interest or to independently advise appellant of her options. Having heard the testimony of appellant, appellee and the attorney, the trial court found no merit in appellant's allegations and held that the agreement was voluntary, and the order was valid and legally entered.

" 'A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most strongly in favor of the prevailing party. (Cit.)' [Cit.]" *American Aluminum Prods. Co. v. Binswanger Glass Co.*, 194 Ga. App. 703, 705 (1) (391 SE2d 688)(1990). The evidence adduced at the hearing shows that appellant initiated the change in custody, which appellee testified he would accept only if he were given custody. When appellee insisted that the agreement be memorialized and appellant indicated that she could not afford an attorney, appellant was fully aware that appellee intended to engage counsel to prepare a written agreement and that appellee would bear the expense of legal fees. Appellant testified that she read the agreement before signing it,

and she acknowledged that the agreement began, "In the Superior Court of Jones County," referred to her as "plaintiff" and referred to her as the party filing a "Complaint for Modification" but claimed not to realize the agreement would be filed in court. Nevertheless, appellant voiced no objection to the agreement as to the custody provisions. The attorney testified that he was contacted by appellee to handle an uncontested change of custody. The attorney maintained that he was "just basically doing paperwork" and was representing both parties since the change was uncontested. He also testified that the complaint was styled with appellant as plaintiff for jurisdictional purposes only, so that the process could be completed in Jones County. The attorney testified further that although he did not tell appellant to come to court on the day the order was entered, he did call her in advance of the day to inform her that he planned to "finalize" the matter and asked her if she had problems with "it," to which she replied "No."

As to the venue issue, since appellant consented to the preparation of the agreement in Jones County, traveled to the county to execute the agreement and voluntarily signed the agreement which on its face reveals that it was a document to be filed in Jones County in connection with a change of custody, appellant, " 'affirmatively conceded and confirmed the jurisdiction of the court with respect to the person. . . .' [Cit.]" *New v. Wilkins*, 178 Ga. App. 337, 341 (2) (343 SE2d 136) (1986), citing *Smith v. Smith*, 248 Ga. 268 (2) (282 SE2d 324) (1981). Any claims, with respect to improper venue, therefore, are waived. *Hopkins v. Hopkins*, 237 Ga. 845, 847 (229 SE2d 751) (1976). We also do not find that the conduct of appellee or the attorney cited by appellant deceived the court or was in any regard inconsistent with appellant's expectations or the understanding reached by the parties. Appellant's contentions are without merit, and we find there was sufficient evidence to support the judgment of the trial court.

2. Appellant argues that the attorney's conduct violated certain disciplinary rules and ethical considerations of the State Bar of Georgia in failing to disclose appellant's right to independent counsel, the likelihood of conflicts of interest and alternatives to relinquishing custody. This issue was not alleged in appellant's complaint, argued before the court or addressed in the trial court's decision and will not be considered by this court for the first time on appeal. *Southern Store &c. v. Maddox*, 195 Ga. App. 2 (1) (392 SE2d 268) (1990).

3. Appellant contends, in her third enumeration of error, that the court abused its discretion in entering the order which incorporated the agreement without hearing evidence and making appropriate findings. Appellant acknowledges that no record of the 1987 presentation of the order was requested and argues that because neither the appel

lee, the attorney who represented him, nor the court could recall whether or not any evidence was submitted under oath prior to the signing of the order, a presumption is raised against the validity of the evidence which appellee argues was submitted to the court. This contention is utterly without merit. The 1987 order recites, "evidence having been presented to the Court that there has been a material change of circumstances and conditions . . . ," and the 1990 order from which appellant appeals recites that although the court did not specifically remember the presentation of the 1987 order, it was the custom of the court to "inquire into the matter thoroughly and to question the person before the Court as to the facts of the reason for the custody change and the Court is of the opinion that that procedure was followed in the case where Mr. Feagin appeared. . . ." " ' "Since in the absence of a transcript or other appropriate substitute, OCGA § 5-6-41 (g), an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence, for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, (cit.), we are constrained to affirm the (judgment)." (Cit.)' [Cit.]" *Coffee v. Silver*, 195 Ga. App. 247, 248 (1) (393 SE2d 58) (1990).

4. Next, appellant maintains that the trial court abused its discretion in demanding a stipulation from counsel before the court questioned appellant that she not be recalled for follow-up questions, thereby eliminating appellant's right of rebuttal. However, appellant voiced no objection to the court's request at the hearing. " 'No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. [Cits.]' " *Capes v. Bretz*, 195 Ga. App. 467, 469 (2) (393 SE2d 702) (1990).

5. Finally, appellant enumerates as error the trial court's examination of appellant, which appellant contends was argumentative with a clear intent to impeach and discredit her testimony. This contention is without merit. The transcript shows that the six questions propounded by the court were not harsh and argumentative but were direct and relevant, not requiring elaborate responses. It does not appear from the record that her responses were limited by the court or that the court breached its duty to provide a fair and impartial tribunal.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 13, 1991.

*Turner, Turner & Turner, Nelson G. Turner*, for appellant.

*Groover & Childs, Frank H. Childs, Jr.*, for appellee.