A96A2035. BURGER v. KRUEGER.
(480 SE2d 230)

BLACKBURN, Judge.

Andrew Burger and Rachel Sue Krueger were divorced in July 1994. In the final decree, Burger was awarded primary physical custody of the parties' minor child. In 1995, Krueger filed for modification of child custody and support. Finding that there had been a material change in the circumstances of the parties which materially affected the welfare of the minor child, the trial court changed primary physical custody of the child from Burger to Krueger. Burger appeals the sufficiency of the evidence supporting the trial court's decision.

"In determining whether a material change of condition has occurred, the trial court is vested with a discretion which will not be controlled by this court absent abuse. This court will affirm the trial court's decision if there is any reasonable evidence to support it." (Citation and punctuation omitted.) *Hayes v. Hayes*, 199 Ga. App. 132, 133 (404 SE2d 276) (1991). Despite the fact that Burger appeals the sufficiency of the evidence, the review which he seeks cannot be conducted because neither a trial transcript nor a statutorily authorized substitute was provided to review. "The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Punctuation omitted.) *Mike's Garage Door Co. v. Dews*, 220 Ga. App. 648, 649 (469 SE2d 855) (1996).

The trial court did make findings of fact in an addendum to its order changing custody, but this addendum cannot be considered as a substitute for a trial transcript because it was not prepared in accordance with OCGA § 5-6-41. The court prepared this addendum at Burger's request, presumably because the trial was not recorded. Without a transcript of the proceedings below, this Court will assume that the trial court's findings of fact are supported by the evidence. *Johnson v. Johnson*, 242 Ga. 339, 340 (249 SE2d 22) (1978). Review is therefore limited to determining if, based on the facts it found, the

trial court abused its discretion in changing custody.

The court found that Burger, the custodial parent, began seeing a married woman after the parties were divorced. This woman, a neighbor, would sneak into Burger's home in the middle of the night while the child was present in the home. The woman was later divorced, and has since moved in with Burger and the child. The court did not abuse its discretion in changing custody on this ground, as changes of custody have been upheld where a parent cohabits with another individual without benefit of marriage while the child is living with the parent. See *Dixon v. Dixon*, 183 Ga. App. 756 (360 SE2d 8) (1987); see also *Gibson v. Pierce*, 176 Ga. App. 287 (335 SE2d 658) (1985).

The trial court also found that when the parties divorced and Burger was awarded custody of the child, Burger's mother was living with him, assisting him with care of the child. Since that time, Burger has been evicted from his apartment for non-payment of rent, and his mother no longer lives with him to assist in child care. The trial court correctly found that these facts constitute a material change in the circumstances of the parties which materially affect the welfare of the minor child.

Finally, the trial court cited several examples of the breakdown in the parties' abilities to confer on the best interests of the child. Although she has joint legal custody of the child, Burger removed Krueger's name from the list of approved persons who could pick the child up from day care, and substituted his girl friend's name in Krueger's place. Burger changed the child's pediatrician without informing Krueger, screamed obscenities at her in the day care center parking lot in the presence of the child, and failed to keep his home in the condition recommended by the child's pediatrician for the child's allergic condition.

Having reviewed all of the trial court's findings of fact, no abuse of discretion occurred in changing custody from Burger to Krueger. In this case, as in any appeal of a change of custody decision, this Court is bound by the abuse of discretion standard, which specifically and intentionally vests discretion solely in the trial court and not in the appellate court. There can be no "retrial" of the case on appeal, as "[e]xperience has taught that the trial courts of this state are in a far better position to rule wisely in these matters with the parties and child before the court than we can do on appeal with only a written record before us." *Fowler v. Fowler*, 231 Ga. 572, 573 (203 SE2d 235) (1974). Accordingly, having found no abuse of discretion, the trial court's decision is affirmed.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 31, 1996.

*Lee Sexton & Associates, Robert L. Ferguson,* for appellant.
*Cowen & Cowen, Linda S. Cowen, Martin L. Cowen III,* for appellee.