A98A0417. MARTIN v. TRUE.
(502 SE2d 285)

Judge Harold R. Banke.

Melanie Ann Martin, the mother of two minor children, ages nine and twelve, instituted this action against the children's biological father, John Frederick True III. We granted her application for discretionary appeal from the trial court's award of joint legal custody to the biological parents, sole physical custody to Martin and visitation to True. Martin enumerates six errors.

This case began as a divorce action. However, after the trial court ruled that the parties were never married, the action devolved into a custody battle. Both parties have acquired spouses since they parted. *Held*:

1. Notwithstanding Martin's contention to the contrary, the record fails to show that the trial court arbitrarily and capriciously terminated the trial midstream. The record shows that the parties agreed to try to settle the visitation issue after the trial court ruled

on custody.[1] Subsequently, the trial court directed counsel and the guardian ad litem to a meeting in chambers during which a method for resolving the case was purportedly agreed upon. This meeting was not recorded, but according to the guardian ad litem, Martin's counsel agreed to settle the matter there.

The party alleging error bears the burden of showing it affirmatively by the record. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). Absent a transcript of the meeting in chambers, we must presume that the trial court acted properly in terminating the proceedings. Id.

2. Martin waived her argument that the trial court prohibited the children's therapist from testifying. After Martin called the therapist to the stand, she refused to testify unless the parents and step-parents signed waivers or the court gave her permission. True declined to sign.[2] Martin's counsel then stated "I have never experienced a problem, such as this, so I don't really know what to do, unless we can get Mrs. Baxt [Martin] to sign the waiver and continue, or if you would be willing to let her waive the privilege." When the court declined to give permission and asked if there was anything else from the witness, Martin's counsel answered in the negative. This demonstrates that Martin acquiesced to the court's decision, thereby failing to preserve the alleged error. *Capes v. Bretz*, 195 Ga. App. 467, 469 (2) (393 SE2d 702) (1990).

3. The record also belies Martin's contention that the guardian ad litem failed to file a final report. It was filed on February 25, 1997.

Martin further argues that she should have been permitted to reconvene the trial in order to cross-examine the guardian ad litem, apparently about a comment in a letter True's counsel wrote to the court which stated that the guardian ad litem had indicated that True's proposed order of judgment reflected her understanding of the court's ruling.[3]

Assuming solely for the sake of argument that Martin correctly identified this letter as an ex parte communication, the purported comment addresses only the form of the order True prepared. Thus, "[i]t is not approval of the substance (result) of the order . . . , but a showing that [the guardian ad litem] has seen the proposed order and agrees that it contains what the court orally directed be included in it." *Rude v. Rude*, 241 Ga. 454, 455 (1) (246 SE2d 311) (1978).

---

[1] The record also shows that prior to the final hearing the trial court had already held three temporary custody hearings on this matter.

[2] Nor is there any record that Martin signed the waiver.

[3] This letter was apparently filed with the court and is included in the record on appeal. Martin complains that she did not receive it, notwithstanding the fact that the letter indicated that her counsel was served.

Accordingly, we fail to see how Martin was harmed by this comment, particularly when she did not challenge the form of the proposed order. The absence of any evidence of direct contact between the guardian ad litem and the trial court or any substantive communication between them about the case are facts which distinguish *Arnau v. Arnau*, 207 Ga. App. 696 (429 SE2d 116) (1993), on which Martin misplaced her reliance.

4. The trial court did not err in prohibiting Martin from testifying about her children's purported reports of exposure to harassment by their stepbrother. The record shows that the court barred Martin from providing hearsay testimony about such things as a visit her children purportedly did not enjoy. Notwithstanding Martin's contention to the contrary, nothing in the testimony Martin cites brings it within the ambit of the Child Hearsay Statute, which applies only to descriptions of physical abuse and sexual contact. OCGA § 24-3-16.

Further, nothing in the record supports Martin's assertion that the trial court prohibited the children from testifying. The proceedings simply concluded with the settlement agreement before the children testified.

5. Martin claims the trial court abused its discretion by granting joint custody and visitation to True. Having read and considered the entire record in this case, we cannot say the custody arrangement in this case constitutes an abuse of discretion. OCGA § 19-9-3 (a) (2); see *Scott v. Scott*, 227 Ga. App. 346, 347-348 (1) (489 SE2d 117) (1997).

The guardian ad litem stated at trial that the children desired to reside with their mother and have visitation, with constraints, with their father. The constraints imposed included a provision prohibiting the parties from consuming alcohol while the children were with them. The court also prohibited any physical contact between the nine-year-old daughter and True's teenage stepson and required adult supervision any time they were together. These provisions were added in consideration of the facts that True pleaded nolo contendere to simple battery on his new wife and was convicted of driving while intoxicated and his daughter alleged that her stepbrother touched her on the leg.[4] Because the consequences of deviating from these directives are grave, the children appear to desire contact with their father, and True appears deeply interested in the welfare of his children, we cannot say that the trial court abused its discretion in granting True visitation rights with these constraints. See *Scott*, 227 Ga. App. at 350 (3); see OCGA § 19-9-3 (a) (3) (A).

6. The provision in the trial court's order requiring Martin to

---

[4] Neither of the incidents involving the father occurred in the children's presence.

provide transportation to and from True's residence should she move more than 40 radial miles from the county courthouse did not constitute an abuse of discretion. That provision simply memorialized Martin's own offer made during trial while testifying that she and her new husband were considering moving to North Carolina. In any event, the issue is waived by Martin's failure to register an objection in the trial court.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 4, 1998.

*Stern & Edlin, Shiel G. Edlin, Janis Y. Dickman*, for appellant.
*Weinstock & Scavo, John P. Wilson III, Rachel A. Elovitz, C. Lane Graves*, for appellee.