## A99A1911. In re PETITION OF ROSCOE.
(529 SE2d 897)

Ruffin, Judge.

Laura J. Roscoe filed a petition in the probate court of Henry County seeking temporary guardianship of A. T. P., a minor child. The probate court denied her petition, and she filed a de novo appeal in the superior court.[1] The superior court also denied her petition, and she appeals.[2] For reasons which follow, we affirm.

Roscoe lives with A. T. P. and his mother, who is unemployed. Roscoe provides the sole financial support for the child. The child has no health insurance, but Roscoe's current health insurance would extend to A. T. P. if he was under her temporary guardianship.

Roscoe filed her petition for temporary guardianship along with the mother's temporary relinquishment of parental rights, which included a request that Roscoe be appointed the child's temporary guardian. The sole reason for Roscoe's petition was to qualify the child under Roscoe's health insurance coverage.

OCGA § 29-4-4.1 provides a method for appointing a temporary guardian of the person or property, or both, of a minor child who has a living natural guardian.[3] The probate court has the power to appoint a temporary guardian "when the minor is alleged by the person having actual physical custody of such minor to be in need of a guardian."[4] If a natural guardian chooses an individual to be her child's temporary guardian, the probate court "must honor [that] preference if it is stated in a notarized relinquishment of parental rights."[5] The temporary guardianship will be dissolved by the probate court at the natural guardian's request.[6] A temporary guardian cannot be appointed under this statute without notice to the child's natural guardians, nor may an appointment be made over the objection of a natural guardian.[7]

The superior court denied Roscoe's petition, finding that it need not accept the mother's temporary relinquishment of rights if it did not believe the child was in need of a guardian, that the child was not in fact in need of a guardian, and that obtaining health insurance for the child was not sufficient reason for the court to grant a guardian-

---

[1] See OCGA §§ 5-3-2 (a); 5-3-29.

[2] See *Phillips v. State*, 261 Ga. 190 (402 SE2d 737) (1991) (no application for appeal is required from decisions of the superior courts reviewing judgments of the probate courts).

[3] "Natural guardians" include either parent. If a parent is dead, or if the parents are legally separated or divorced, the parent having custody is the natural guardian. OCGA § 29-4-2.

[4] OCGA § 29-4-4.1 (a) (1).

[5] OCGA § 29-4-4.1 (a) (3).

[6] OCGA § 29-4-4.1 (c).

[7] OCGA § 29-4-4.1 (a) (1), (b).

ship. Roscoe claims that the superior court was required to accept the mother's designation of a temporary guardian and that obtaining health insurance for the child was sufficient reason to appoint a temporary guardian.

Under Roscoe's interpretation of OCGA § 29-4-4.1, the probate court had no discretion to refuse to appoint her as temporary guardian of A. T. P. so long as his mother had expressed a preference that Roscoe be appointed as his temporary guardian in her notarized relinquishment of parental rights. Although the natural guardian may choose who will act as her minor child's temporary guardian,[8] the initial decision to appoint the temporary guardian is not mandatory on the court. The statute provides only that the probate court "shall have the power" to appoint a temporary guardian.[9] Probate courts have jurisdiction to appoint the guardians of minors.[10] Under Roscoe's interpretation of OCGA § 29-4-4.1, the legislature has effectively transferred that jurisdiction to an applicant and natural guardian who file the appropriate paperwork, regardless of the actual situation of the minor or even the truthfulness of the statements submitted to the court. We decline to accept this interpretation. Probate courts retain judicial discretion in the appointment of temporary guardians under OCGA § 29-4-4.1. The question before us, then, is whether the court abused its discretion in refusing to appoint Roscoe to be the temporary guardian of A. T. P.

It is apparent from the record that Roscoe filed the petition only to qualify A. T. P. under her health insurance plan. The court asked: "Why is the minor in need of a guardian when it's got a mother living in the home with him?" Roscoe's attorney answered: "The minor is in need of a guardian so that the minor child can have health insurance granted."

A temporary guardianship would, by operation of law, constitute a permanent guardianship for the purposes of health insurance coverage, so long as the temporary guardian agrees to support the ward.[11] But OCGA § 29-4-4.1 is a statute primarily designed to provide for the appointment of temporary guardians, not the provision of health insurance. Health insurance is an important benefit for a child, but we can find no precedent for the proposition that a child who lacks health insurance is in need of a guardian for that reason alone. Here, there was no basis for the appointment of a guardian other than to obtain an isolated but desirable benefit for the child.[12]

---

[8] OCGA § 29-4-4.1 (a) (3).

[9] OCGA § 29-4-4.1 (a) (1).

[10] OCGA § 15-9-30 (a) (5).

[11] OCGA § 29-4-4.1 (d).

[12] The superior court noted its previous denials of petitions for temporary guardianship

OCGA § 29-4-4.1 (a) requires that the child be in need of a guardian. The child was living with his mother, who was not alleged to be incompetent or under any duress or difficulty with respect to her parental responsibilities, who had been caring for her child, and who would presumably continue to care for the child regardless of the disposition of the petition at hand. Given that the evidence showed that A. T. P. was not in need of a guardian, notwithstanding the allegation by Roscoe to the contrary, we find the superior court did not abuse its discretion by refusing to appoint Roscoe as A. T. P.'s temporary guardian.

Roscoe's reliance on *Brooks v. Parkerson*,[13] is misplaced. There, the Supreme Court of Georgia recognized the "constitutionally protected interest of parents to raise their children without undue state interference."[14] We do not find that the protected interest of parents to rear their children without interference is analogous to this case, which involves a relinquishment of parental rights to another. The court did not interfere with the mother's parental rights by refusing to grant Roscoe's petition.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 21, 2000.

*Steven H. Koval*, for appellant.

---

which had been requested so that a child could qualify for a school district.

[13] 265 Ga. 189 (454 SE2d 769) (1995).

