A00A2191. IN RE RAY.
(545 SE2d 617)

MIKELL, Judge.

Radiente M. McCoy, mother of Curtis M. Ray, who was born on March 12, 1985, appeals the Chatham County Probate Court's order appointing the child's great-grandmother, Ethel Oliver, guardian of his property. The scant record shows as follows: Oliver initially filed a petition for letters of guardianship of the child's person and property. McCoy, who resides in New York, objected, asserting that she was never served and had not relinquished her parental rights. Oliver dismissed her petition and filed a second one seeking letters of guardianship of the property only. McCoy filed a request for a hearing, referencing her previous objection. The hearing was not reported. The probate court's order reflects that the child, who was over 14 years of age, selected Oliver as the guardian of his property, which is a pending personal injury action.

1. McCoy initially asserts that this action was void ab initio because she was never served with process.

It is a long standing rule of law that where the record discloses that a defendant [here, appellant] was never served with a copy of the complaint and summons attached thereto, and if the defendant has not either waived service or made a general appearance in the case, there is no valid suit pending in the trial court and the trial court does not acquire personal jurisdiction over the defendant. However, any act by

which one consents to the jurisdiction of the court constitutes a waiver.[1]

Here, the record reveals that McCoy was never served with process. Moreover, McCoy preserved the defense of insufficiency of service of process by raising it in her objection to Oliver's petition.[2] Further, a party's appearance at the hearing on the merits does not necessarily operate as a waiver of the defense.[3] However, in the absence of a transcript of the hearing, we must assume that the evidence supported the probate court's assertion of jurisdiction.

> [W]ithout having before us the evidence heard by the trial court, we cannot address the merits of the objection. This is especially true where there are no findings of fact and conclusions of law required or requested, for without a transcript we could not even determine whether a finding of fact is clearly erroneous.[4]

The appellant bears the burden of showing error affirmatively by the record.[5] "We will not presume error from a silent record."[6] Accordingly, this enumeration presents nothing for review.

2. Next, we note that McCoy incorrectly characterizes Oliver's appointment as guardian as temporary. A temporary guardian cannot be appointed over the objection of a natural guardian.[7] Although Oliver's brief also states that she was appointed as temporary guardian of the minor's property, there is no evidence in the record that Oliver sought, or was granted, temporary guardianship under OCGA § 29-4-4.1.[8] Facts alleged in briefs but unsupported by evidence in the record cannot be considered on appeal.[9] Accordingly, OCGA § 29-4-4 controls the instant case, and we will not consider any arguments based on OCGA § 29-4-4.1.

---

[1] (Citations, punctuation and emphasis omitted.) *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 492 (313 SE2d 709) (1983).

[2] See OCGA § 9-11-12 (b).

[3] *Roberts v. Bienert*, 183 Ga. App. 751, 755 (2) (360 SE2d 25) (1987).

[4] (Citations omitted.) *Carole Lyden Smith Enterprises v. Mathew*, 193 Ga. App. 320, 321 (2) (387 SE2d 577) (1989).

[5] *Martin v. True*, 232 Ga. App. 435, 436 (1) (502 SE2d 285) (1998).

[6] (Citations and punctuation omitted.) *Adams v. State*, 234 Ga. App. 696, 697 (3) (507 SE2d 538) (1998); accord *Clemmons v. State*, 210 Ga. App. 632, 634 (2) (437 SE2d 350) (1993); *Trevino v. Flanders*, 231 Ga. App. 782 (1) (501 SE2d 13) (1998).

[7] *In re Roscoe*, 242 Ga. App. 440 (529 SE2d 897) (2000).

[8] A petition for temporary letters of guardianship must be filed on Georgia Probate Court Standard Form 28, while Oliver utilized Form 29, entitled "Petition for Letters of Guardianship of (Person) (And) (Property) of Minor by Person Other than Natural Guardian."

[9] *Trevino v. Flanders*, supra.

Next, McCoy argues that a probate court lacks the authority to appoint a guardian of the property of a minor over the age of 14 other than the child's natural parent, unless the parent has relinquished or forfeited her parental rights. While McCoy would be correct if Oliver had been appointed guardian of the minor's person, relinquishment or forfeiture of parental rights is not a prerequisite to the probate court's appointment of another as guardian of the minor's property. OCGA § 29-4-4 (a) empowers the probate court to appoint for a minor "having no guardian" a guardian of the person and property, or either, of the child. Subsection (b) bestows upon a minor over age 14 the privilege of selecting a guardian himself and further provides that "[i]f the selection is judicious, the judge of the probate court shall appoint the guardian so selected."

The phrase "having no guardian" was interpreted more than 120 years ago to mean having no guardian of the person:[10]

> Natural guardianship, pure and simple, is of the person only, and is incident to the relation of parent. . . . For a minor having no guardian, the ordinary may appoint a guardian of person and property, or of either; but if the minor has a natural guardian, it certainly cannot be said in a broad sense that he or she has no guardian. In such case the range of appointment is limited to guardianship of the property, for it is only as to property that there is no guardian.[11]

The necessary implication of *Beard* is that the probate court is permitted to overrule the parent's objection and appoint as guardian of the property the person selected by the minor, provided the selection is judicious. A minor's choice of guardian is deemed judicious if it is in the minor's best interest.[12] In the case sub judice, McCoy does not contend that her child's selection of Oliver as the guardian of his property was not judicious. In any event, in the absence of a transcript of the evidence presented at the hearing, we are constrained to find that the probate judge acted in the child's best interest.[13] "Where the transcript is necessary for review and appellant omits it from the

---

[10] *Beard v. Dean*, 64 Ga. 259 (1879); *Adams v. Adams*, 219 Ga. 633, 634 (135 SE2d 428) (1964); *Jordan v. Smith*, 5 Ga. App. 559, 560 (63 SE 595) (1909) ("There can not be two guardianships at the same time as to either the person or the property of the infant, though one person may be guardian of its person and another may be guardian of its property."); *Whitlock v. Barrett*, 158 Ga. App. 100 (279 SE2d 244) (1981).

[11] *Beard v. Dean*, supra at 260-261.

[12] Propst, Handbook for Probate Judges of Georgia, § 13.5, p. 213 (Council of Probate Court Judges of Georgia, 2nd ed. 1997).

[13] See *Gary v. Weiner*, 233 Ga. App. 284, 285 (2) (503 SE2d 898) (1998) (absent transcript, probate court's appointment of successor guardian presumed proper).

record on appeal, the appellate court must assume the judgment below was correct and affirm."[14]

3. Next, McCoy argues that the probate court erred in appointing Oliver as guardian of the child's property because the property at issue is a personal injury action and only McCoy, as the natural parent, has the right to pursue the action.

McCoy is correct that the right to recover damages for loss of a child's services and medical expenses vests solely in the child's parents.[15] This is consonant with a parent's statutory obligation to support her child, including responsibility for his medical expenses.[16] However, given that the right to recover damages for pain and suffering vests in the child, not the parent, we find that the probate court was authorized to appoint Oliver as guardian of the minor's property. As we explained in *Kite v. Brooks*:[17]

> [I]t is pertinent to inquire whether a father of a minor, who has not surrendered his parental power over the child, is exclusively entitled to sue for all torts committed on his child. . . . [T]he general rule is that a father can not recover for a tort committed on his minor child, unless he thereby incurs a direct pecuniary loss, such as loss of services, medicine, nursing, and other necessary expenses. . . . It is, therefore, settled law that the right of action for injuries of every character to a minor child is not in the father alone. If the injury is one from which the father does not sustain any damage, that is, which does not destroy or impair the ability of the child to render services to the father, there is no right of action in the father from the wrong done the child. . . . [Here, o]nly damages for pain and suffering consequent upon the actual physical injuries sustained are sought. It follows that the father could not himself sue for the damages alleged. . . .[18]

Subsequently, in *Lynn v. Wagstaff Motor Co.*,[19] we held that a parent could not act as a representative of his child's property interests unless he first qualified with the probate court as guardian of

---

[14] (Punctuation omitted.) *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988); see also *Renshaw v. Feagin*, 199 Ga. App. 148, 151 (3) (404 SE2d 457) (1991).

[15] OCGA § 51-1-9; *Southern Guaranty Ins. Co. v. Sinclair*, 228 Ga. App. 386, 387 (491 SE2d 843) (1997); *Jarrell v. State Merit System &c.*, 205 Ga. App. 527, 529 (423 SE2d 1) (1992); *Rose v. Hamilton Med. Center*, 184 Ga. App. 182, 183 (361 SE2d 1) (1987) (physical precedent only).

[16] OCGA § 19-7-2.

[17] 51 Ga. App. 531 (181 SE 107) (1935).

[18] (Citations and punctuation omitted.) Id. at 533-534.

[19] 126 Ga. App. 516 (191 SE2d 324) (1972).

the property. We stated that a "chose in action is property and a natural guardian has no more authority to sign it away than he would have to sell tangible property of the child."[20]

Accordingly, we hold that OCGA § 29-4-4 authorizes a probate court to appoint a guardian of the property, over the natural guardian's objection, of a minor over the age of 14, where, as alleged here, the minor's sole property is a personal injury action.

4. McCoy's motion to file a supplemental brief is denied. McCoy seeks to add to the record on appeal an affidavit that was not prepared until after this appeal was docketed. As the affidavit did not exist prior to the hearing, it could not have been considered by the probate court and cannot properly become part of the record on appeal.[21] See Court of Appeals Rule 23 (f).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 14, 2001.

Mathis, Adams & Tate, Mark A. Tate, Derek J. White, Middleton, Mixson, Orr & Adams, Richard H. Middleton, Jr., for appellant.

Hendrix Law Firm, Robert R. Cook, Carl M. Nelson, Jr., for appellee.

[20] Id. at 518; see also OCGA § 29-2-16; *Gnann v. Woodall*, 270 Ga. 516, 517 (511 SE2d 188) (1999) (probate court approval required for certain settlements based upon the best interest of the ward).
[21] *Nixon v. Rosenthal*, 214 Ga. App. 446, 447 (3) (448 SE2d 45) (1994); see also *SurgiJet, Inc. v. Hicks*, 236 Ga. App. 80, 82 (4) (511 SE2d 194) (1999) (exhibits to briefs are not part of the record on appeal and cannot be considered); *Hixson v. Hickson*, 236 Ga. App. 894, 895-896 (512 SE2d 648) (1999) (affidavits attached to briefs are neither evidence nor part of the record).