A10A2166. VAUGHN v. STAFFORD.

(702 SE2d 761)

ELLINGTON, Judge.

Peri Vaughn filed this action in the Superior Court of Murray County against her ex-husband, Joshua Stafford, seeking a modification of custody of the parties' child. Following a bench trial, the court found that Vaughn failed to show that there had been a change in any material conditions or circumstances and denied Vaughn's petition. Vaughn appeals, contending that the trial court abused its discretion in finding she failed to show a change in condition sufficient to justify a modification of custody. For the reasons explained below, we affirm.

Georgia's Domestic Relations Code authorizes a trial court to modify a child custody award "based upon a showing of a change in any material conditions or circumstances of a party or the child." OCGA § 19-9-3 (b); see also *Saravia v. Mendoza*, 303 Ga. App. 758, 764 (4) (695 SE2d 47) (2010) ("A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award.") (citation and punctuation omitted). "In determining whether a material change of condition has occurred, the trial court is vested with a discretion which will not be controlled

by this court absent abuse." (Citation and punctuation omitted.) *Burger v. Krueger*, 224 Ga. App. 179 (480 SE2d 230) (1996). Whether there are changed conditions affecting the welfare of the child which will warrant changing custody is a fact question, and the trial court's decision will be upheld if there is any reasonable evidence to support it. *Saravia v. Mendoza*, 303 Ga. App. at 764 (4); *Burger v. Krueger*, 224 Ga. App. at 179.

In the trial court's order denying Vaughn's petition for modification of custody, the court noted that it considered the evidence heard during the final hearing on August 17, 2009, but the record does not contain a transcript of that hearing or an acceptable substitute for such, as provided in OCGA § 5-6-41 (g) and (i). Consequently, this Court must assume that the trial court's findings of fact are supported by the evidence. *Burger v. Krueger*, 224 Ga. App. at 179 ("The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed.") (citation and punctuation omitted); *Renshaw v. Feagin*, 199 Ga. App. 148, 151 (3) (404 SE2d 457) (1991) ("[I]n the absence of a transcript or other appropriate substitute, an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence, for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction[.]") (citations and punctuation omitted).

Although we are bound to assume that the trial court's findings of fact are supported by sufficient competent evidence, however, Vaughn also advances an argument that does not require consideration of the evidence. Specifically, Vaughn contends that, because in February 2008 Stafford entered a plea of nolo contendere to cruelty to a child in the third degree, OCGA § 16-5-70 (d),[1] which is undisputed, there was *as a matter of law* a change in material conditions requiring a modification of custody, citing *Eller v. Matthews*, 216 Ga. 315 (116 SE2d 235) (1960).

In *Eller v. Matthews*, the trial court granted a petition for a writ of habeas corpus in which the petitioner alleged that the father and stepmother of the petitioner's sister's children were not fit or proper parents, that they deprived the children of proper clothing and

---

[1] Any person commits the offense of cruelty to children in the third degree when: (1) Such person, who is the primary aggressor, intentionally allows a child under the age of 18 to witness the commission of a forcible felony, battery, or family violence battery; or (2) Such person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery.

OCGA § 16-5-70 (d).

sufficient food, and that they cruelly beat the children. Id. at 315 (1). The trial court found that there was sufficient evidence to support the petitioner's allegations and issued the writ, granting the petitioner custody of the children. Id. The Supreme Court of Georgia affirmed, holding:

> While the right to the custody of a minor child is prima facie in the father, such right may be lost by abandonment, cruel treatment, and failure to furnish necessaries; and, [when] there [is] sufficient evidence to find that parental control had been lost in one or more of these ways, it is proper for the [trial] court, in considering as the paramount issue the welfare and happiness of the child or children in question, to award them to a third person.

Id. at 315 (2). See OCGA § 19-7-4.[2]

Pretermitting whether the *Eller v. Matthews* decision, in the context of a petition under OCGA § 19-7-4, is applicable in the context of a custody modification proceeding under OCGA § 19-9-3, Stafford's plea of nolo contendere does not establish as a matter of law, or even provide evidence, that he committed an act of criminal cruelty toward M. S. Rather, the trial court was not authorized to consider the fact that Stafford entered the plea. OCGA § 17-7-95 (c) ("[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose[.]"); *Bolden v. State*, 275 Ga. 180, 181 (563 SE2d 858) (2002) (The trial court erred in considering nolo contendere pleas as evidence that a probationer violated the terms of her probation.); *Holt v. Grinnell*, 212 Ga. App. 520, 521 (441 SE2d 874) (1994) (The trial court erred in allowing evidence of a civil defendant's prior plea of nolo contendere on the issue of punitive damages.). Thus, *Eller v. Matthews* does not support Vaughn's argument.

The record before this Court shows that the trial court consid-

---

[2] If a child is found under circumstances of destitution and suffering, abandonment, or exposure or if the child has been begging or if it is found that the child is being reared under immoral, obscene, or indecent influences which are likely to degrade his moral character and devote him to a vicious life and it appears to the appropriate court by competent evidence, including such examination of the child as may be practicable, that by reason of the neglect, habitual drunkenness, lewd or other vicious habits, or other behavior of the parents or guardians of the child, it is necessary for the welfare of the child to protect the child from such conditions, the court may order that the parents or guardians be deprived of custody of the child and that appropriate measures as provided by law be taken for the welfare of the child.

OCGA § 19-7-4 (former Ga. Code Ann. §§ 74-109, 74-110).

ered the evidence, and the detailed report of a guardian ad litem, and concluded that Stafford had not cruelly treated M. S. such that a material change in condition warranted a change of custody. Because Vaughn has not shown any abuse of the trial court's discretion, we affirm. *Saravia v. Mendoza*, 303 Ga. App. at 764 (4); *Burger v. Krueger*, 224 Ga. App. at 179.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 20, 2010.

*Hill & MacDonald, Vic B. Hill, Brad E. MacDonald*, for appellant.

*Rickie L. Brown*, for appellee.