**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 2, 2018**

# In the Court of Appeals of Georgia

A17A1520. WILSON v. PERKINS.

REESE, Judge.

Matthew Wilson appeals the grant of a final order of a modification of child custody regarding minor child E. W., and the award of attorney fees to Debra Perkins. He argues, inter alia, that: (1) there was no material change in circumstances warranting a child custody modification action; (2) the trial court erred in admitting evidence of his nolo contendre plea; (3) the trial court erred in admitting harmful and/or clearly erroneous hearing testimony; and (4) the award of attorneys fees was improper. For the following reasons, we reverse in part, vacate in part, and remand.

Wilson and Perkins are former spouses who divorced in 2012 and were awarded joint legal and physical custody of E. W., born in 2009. In 2012, Perkins

decided to move to Florida, and Wilson petitioned to modify custody of E. W. Wilson was awarded primary physical custody of E. W., with Perkins receiving visitation.

In 2014, Perkins's mother, C. G., contacted local law enforcement about bruises found on the buttocks area of E. W. A City of Dallas patrol officer wrote in a family violence report issued in connection with the investigation, "I observed several bruises on [E. W.] around the buttocks and upper leg area. I asked [E. W.] where the bruises came from. [E. W.] told me his dad hit him with a belt a couple of days ago because he took something that was not his." Wilson was arrested and charged with one count each of family violence battery and battery and two counts of simple battery against E. W. Perkins sought and obtained a temporary protective order on behalf of E. W. In December 2014, Wilson and Perkins, each without attorney representation, met with a church pastor and signed a document wherein they agreed to share joint legal and physical custody of E. W., and Perkins agreed to dismiss the protective order.

Wilson entered a nolo contendere plea as to one count of family violence battery against E. W. on May 4, 2015.[1] Subsequently, the parties executed a consent final order, as to custody of E. W. which was filed on June 3, 2015.

Wilson was arrested in early June 2015, and incarcerated on charges of aggravated assault, false imprisonment, and sexual battery against an adult female, S. G. Wilson remained incarcerated until August 20, 2015. Wilson testified that he contacted Perkins upon his release from incarceration, intending to pick up E. W. While Wilson was incarcerated, Perkins filed a petition to modify custody, of E. W. on June 15, 2015.

Perkins obtained a temporary protective order on behalf of E. W. against Wilson on August 21, 2015. In September 2015, after a hearing, a family violence twelve-month protective order was entered on behalf of E. W. through September 2016.[2] In January 2016, Wilson petitioned to modify the temporary protective order in the Superior Court of Cobb County, and was denied.

---

[1] One count of battery and two counts of simple battery were merged into the one count of family violence battery.

[2] Upon the petition of Perkins, this protective order was extended for six months.

At the custody modification hearing in December 2016, Perkins testified, that after the issuance of the permanent protective order, Wilson twice filed petitions, in Paulding County Magistrate Court to have warrants issued against Perkins for custodial interference regarding E. W. She further testified that one of the petitions was denied and the other dismissed.

Wilson and the woman he had been accused of assaulting, S. G., both testified that the charges against Wilson regarding S. G. had been dropped and expunged from his record. Wilson testified that he did not cause the bruises found on E. W. He further testified that he believes "in spanking" children and "[doesn't] see anything wrong with it." He testified that Perkins, in the past, had brought up her concerns to him about spanking E. W.

After the custody hearing, the trial court granted Perkins's request for the modification of custody of E. W., finding that a material change in circumstances had occurred since the June 3, 2015 final order. The trial court granted Perkins primary physical custody of E. W. and terminated Wilson's visitation.

Wilson appeals, arguing that there was not a material change in circumstances warranting a modification of the custody order, the trial court improperly admitted

evidence that was prejudicial to Wilson, and the award of attorney fees in the amount of $27,230.85 to Perkins was improper.

Generally,

[a] trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest. A trial court's decision regarding a change in custody/visitation will be upheld on appeal unless it is shown that the court clearly abused its discretion. Where there is any evidence to support the trial court's ruling on custody or visitation, a reviewing court cannot say there was an abuse of discretion.[3]

Also,

the best interests of the child are controlling as to custody changes. Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case. In contemplating a custodial change, the trial court must exercise its discretion to determine whether a change is in the best interests of the child. The circumstances warranting a change in custody are not confined to those of the custodial parent: any new and material change in circumstances that affects the child must also be considered.[4]

_____

[3] *Marks v. Soles*, 339 Ga. App. 380 (793 SE2d 587) (2016) (citations and punctuation omitted).

[4] *Neal v. Hibbard*, 296 Ga. 882, 884 (1) (770 SE2d 600) (2015) (citations and punctuation omitted); see also OCGA § 19-9-3 (a) (2) ("The judge may take into

"We are mindful that the Solomonic task of making custody decisions lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility."[5] With these guiding principles in mind, we turn now to Wilson's specific claims of error.

1. Wilson argues that the trial court erred in admitting and considering evidence of his nolo contendere plea of family violence battery against E. W. during the child custody and modification hearing and, as a result, there was no evidence to support a finding of a material change in circumstances. We agree.

Georgia law provides "[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for *any* purpose[.]"[6] This Court has

_____

consideration all the circumstances of the case, including the improvement of the health of the party seeking a change in custody provisions, in determining to whom custody of the child should be awarded. The duty of the judge in all such cases shall be to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness and to make his or her award accordingly.").

[5] *Bankston v. Warbington*, 332 Ga. App. 29, 30 (771 SE2d 726) (2015) (citation and punctuation omitted).

[6] OCGA § 17-7-95 (c) (emphasis supplied).

previously held, in the context of a child modification proceeding, a nolo contendere plea cannot be used against a defendant for any purpose.[7]

The record reflects that the trial court, over Wilson's objection, allowed Perkins to present evidence of his nolo contendere plea, stating "[the trial court will] allow it for purposes of explaining [Perkins's] conduct." Further, the trial court, in its findings of fact in its final modification of child custody order, found Wilson "utilize[d] inappropriate punishment tactics while [E. W.] [was] in his custody and control" and Wilson "[was] overly harsh physically, and engage[d] in physically punitive behaviors toward [E. W.] that [were] inappropriate and hurtful."

The alleged abuse that resulted in the nolo contendere plea took place before the June 3, 2015 consent custody order. Thus, the trial court erred in admitting the evidence to the extent it considered the abuse when deciding whether there had been a material change of circumstances since June 2015. The nolo contendere plea is

---

[7] *Vaughn v. Stafford*, 306 Ga. App. 536, 538 (702 SE2d 761) (2010) (The trial court was not authorized, under OCGA § 17-7-95 (c), to consider a parent's nolo contendere plea of cruelty to a child in the third degree in a modification of child custody proceeding.).

inadmissible because, unlike a guilty plea, a nolo contendere plea is not an admission by Wilson of having committed the acts at issue.[8]

Despite Perkins's assertions to the contrary, neither the trial court, nor Perkins in her brief, has pointed to any exception to OCGA § 17-7-95 (c) that is applicable here.[9] It follows that the trial court erred in admitting Wilson's nolo contendere plea during the hearing.[10]

Further, the trial court found that Wilson "ha[d] a history of physically abusing [E. W.] by using corporal punishment to the extent that bruises [were] left on [E. W.] on more than one occasion over the past seven (7) years." However, the trial court did not identify, in its January 26, 2017 modification order, any specific instance of Wilson "physically abusing" E. W. since the entry of the June 3, 2015 child modification order. This Court has stated that,

> [a] petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child *since* the last custody award. If there has been

---

[8] Id.

[9] See OCGA § 17-7-95 (c); see also *Vaughn*, 306 Ga. App. at 538.

[10] See *Vaughn*, 306 Ga. App. at 538.

such a change, then the court should base its new custody decision on the best interest of the child.[11]

Because the trial court did not identify any events that occurred after the entry of the June 3, 2015 child modification order that demonstrated a material change in circumstances affecting the welfare of E. W.,[12] and the trial court erred in considering Wilson's nolo contendre plea, we conclude that the trial court abused its discretion in modifying the June 3, 2015 custody order and awarding custody of E. W. to Perkins. Accordingly, we must reverse the trial court's January 26, 2017 modification order.

2. Wilson argues that the trial court erred in awarding attorney fees to Perkins. Perkins argued several bases for the award of attorney fees at trial, and the trial court ordered attorney fees under "OCGA [§§] [9]-15-14, 19-6-2 [and] 19-9-3."[13] For the

---

[11] *Lynch v. Horton*, 302 Ga. App. 597, 600 (4) (692 SE2d 34) (2010) (citation and punctuation omitted, emphasis supplied).

[12] See *Helm v. Graham*, 249 Ga. App. 126, 129 (547 SE2d 343) (2001) ("If the original custody order has been modified, the focus shifts to the latest custody award[.]"); see OCGA § 17-7-75 (c); see also *Vaughn*, 306 Ga. App. at 538.

[13] *Viskup v. Viskup*, 291 Ga. 103, 107 (3) (727 SE2d 97) (2012). (OCGA § 19-6-2 (a) is inapplicable to child custody modification actions.).

reasons shown below, we conclude that at least some of the attorney fees awarded to Perkins were not authorized.

As an initial matter, "an order awarding attorney fees pursuant to [OCGA § 9-15-14] must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b)."[14]

> [T]he court must make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it. Specificity in the award is important because the standards of appellate review are different under each subsection: the standard under subsection (a) is the any evidence rule; the standard under subsection (b) is abuse of discretion.[15]

The trial court's order stated that Wilson's claim for primary physical custody of E. W. while a family violence protective order on behalf of E. W. was in effect, showed "a complete absence of any justiciable issue of law or fact that it is not reasonable to believe [the trial court] would accept the asserted claim" and "lacks substantial justification and was interposed for delay and harassment."

---

[14] *Landry v. Walsh*, 342 Ga. App. 283, 286 (2) (801 SE2d 553) (2017) (citation omitted).

[15] *Fulton County School Dist. v. Hersh*, 320 Ga. App. 808, 814-815 (2) (740 SE2d 760) (2013) (citations and punctuation omitted).

However, the trial court's award of attorney fees does not address the reasonableness of the attorney fees or specify the potentially sanctionable conduct under OCGA § 19-9-3 (g).[16] Further, the trial court's order awarding attorney fees under OCGA § 9-15-14, did not identify the subsection of the statute under which the trial court awarded the attorney fees.[17] Also, although the record reflects that the trial

---

[16] See *Moore v. Moore-McKinney*, 297 Ga. App. 703, 712 (4) (678 SE2d 152) (2009) ("OCGA [§] 19-9-3 (g) . . . affords wide discretion to the trial court to award reasonable attorney fees and expenses in child custody actions to be paid by the parties in proportions and at times determined by the judge.") (punctuation and footnote omitted).

[17] OCGA § 9-15-14 (a) states:
In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

OCGA § 9-15-14 (b) states:
The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party

11

court issued an order for an evidentiary hearing pursuant to OCGA § 9-15-14 to address Perkins's motion for attorney fees, an evidentiary hearing did not occur.[18]

Pretermitting the above, in light of our ruling in Division 1, supra, Perkins did not prevail on the modification petition and we vacate her award of attorney fees that directly arose from her June 15, 2015 child custody modification petition.[19] We remand this case for the trial court to reconsider the award of attorney fees in accordance with this opinion.[20]

---

unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

[18] See *Ellis*, 290 Ga. at 340 (2) (b) (Under OCGA § 9-15-14 (b), a party is entitled to an evidentiary hearing to "confront and challenge the value and the need for legal services claimed.")

[19] *Blumenshine v. Hall*, 329 Ga. App. 449, 454 (5) (765 SE2d 647) (2014) ("When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated that portion of the judgment awarding the attorney fees and remanded the case to the trial court to hold an evidentiary hearing to allow the party, if possible, to cure the matter.")

[20] Id.

3. Based on our conclusion in Division 1, supra, we need not address Wilson's remaining claims of error.

*Judgment reversed in part and vacated in part, and case remanded with direction. Miller, P. J., and Doyle, P. J., concur.*