## 32014. SHEPHERD v. SHEPHERD.

BOWLES, Justice.

This appeal is from an order of the DeKalb Superior Court vacating an earlier judgment of that court which held the husband-appellee in contempt for failure to pay alimony. In vacating the order, the trial judge found that the husband had never been personally served with the wife's motion for contempt, and, therefore, the court was without jurisdiction of the person in the contempt hearing.

This is the fifth appearance of this case in this court. See *Shepherd v. Shepherd,* 231 Ga. 257 (200 SE2d 893) (1973); s. c., 232 Ga. 354 (206 SE2d 460) (1974); s. c., 233 Ga. 228 (210 SE2d 731) (1974); and s. c., 236 Ga. 425 (223 SE2d 818) (1976).

The case began as a suit for alimony and separate maintenance. A judgment granting alimony was affirmed and the husband filed a suit for divorce. Before the divorce action came to trial, the wife filed a motion for contempt and this court affirmed a finding by the trial court that the husband was in contempt for not paying alimony payments which had accrued prior to the entry of the temporary alimony order in the divorce case, but held in abeyance any decision as to whether the husband was in contempt for sums due under the prior alimony award subsequent to the trial court's denial of temporary alimony to the wife in the divorce case.

The parties were granted a divorce and while a copy of the decree is not in the record, it is indicated the judgment of divorce specifically stated that no alimony issues had been raised. The wife, thereafter, filed a motion for contempt in DeKalb County Superior Court asking that the husband be held in contempt for his refusal to pay sums due her under temporary alimony orders of the court and under permanent alimony awards in the final judgment of the court granting alimony dated March 4, 1974. The first attorney had withdrawn from the case by written request and counsel for the wife had been advised that the husband was now represented by a second attorney, who was known to wife's counsel although his name apparently had not been entered in the court

records prior to that time. Service of the motion for contempt, together with the rule nisi thereon, was then made upon the second attorney by mail. No personal service was made upon the husband. Immediately following service on the second attorney, he filed a written answer in the case in behalf of the husband and the husband personally signed an affidavit that the allegations contained in that pleading were true and correct. A copy of that answer was served on counsel for the wife. The matter was not heard as originally scheduled and the attorney for the wife and the second attorney as then counsel of record for the husband, agreed on two or more continuances until the matter was finally set down for hearing on the 13th day of August, 1976.

No appearance was made for the husband at the August 13th hearing, but an affidavit was filed by the husband contesting the jurisdiction of the court and denying that a verified answer had been filed by him.

The trial court heard evidence presented by the wife and concluded that the husband knew of the hearing. It ruled that the permanent decree of alimony, as made in the case, was no longer stayed, but was in full force and effect; that the husband was in arrears in the total amount of $59,958.50; and granted judgment for that amount plus $8,000 attorney fees, and that the husband was in contempt. Judgment was stayed until October 1, 1976, pending the defendant's purge of his contempt.

On a motion for rehearing, the trial court set aside the judgment of contempt against the husband based on the case of *Moore v. Moore,* 229 Ga. 135 (189 SE2d 431) (1972), saying the court had no personal jurisdiction of the husband.

The wife now appeals the sustaining of the husband's motion for rehearing, finding error in the court's holding that the husband.was required to be personally served with the motion for contempt and in the court's holding that it was without jurisdiction over the person of the defendant.

"A general appearance by a defendant in an action in a court having jurisdiction of the subject matter amounts to a waiver of the issuance of, or defects in the process served, and confers jurisdiction of his person regardless of

the fact that process was not served on him or that the service may have been defective. A defendant who appears and pleads to the merits without previous objection to the process, and without also objecting to the jurisdiction of the court over his person, waives any objection which he may have had to the issuance of the process, or the service, and even any objection based on the ground of total want of service." 2 EGL, Appearances, p. 161.

Code § 81A-112 (h) (CPA) provides: "Waiver or preservation of certain defenses. (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g) or (b) if it is neither made by motion under this section nor included in a responsive pleading as originally filed."

See *Daniel v. Yow,* 226 Ga. 544 (3b) (176 SE2d 67) (1970); *Matthews v. Fayette County,* 233 Ga. 220 (210 SE2d 758) (1974).

"When attorneys appear in court claiming the right to represent a person named as a party to a cause, there is a strong presumption that they have the authority so to do." *Heath v. Miller,* 117 Ga. 854 (3) (44 SE 13) (1903).

"When a person of full age and laboring under no disability is named as plaintiff in a suit filed by a duly licensed attorney at law, the presumption is that the attorney had authority to file the suit in behalf of such person." *Bigham v. Kistler,* 114 Ga. 453 (3) (40 SE 850) (1901). See also *Cannon v. Whiddon,* 194 Ga. 417 (1) (21 SE2d 850) (1942).

In addition to the presumption in this case, the husband also personally signed an affidavit which was attached to the pleading filed in his behalf. If he did not know about the hearing date, had not been served and did not authorize the second attorney to plead for him, it is strange indeed that on the very day of the postponed hearing he had a third attorney to appear and present an affidavit which he had prepared denying that the husband had been lawfully served. According to the record, he has not personally appeared either in the original hearing or in the motion for rehearing, nor has he

moved in any way to strike the attorney's name from the record nor to strike the responsive pleading filed in his behalf. Without a positive showing by clear evidence that the second attorney was not authorized to act in his behalf, and without an adequate explanation as to why his personal affidavit was attached to the pleadings, the assumption of the authority of the second attorney to act must be accepted. Having filed a defensive pleading without objecting to the jurisdiction of the court over his person, these were waived and he took his chances by not appearing at the appointed time and place set for the hearing.

We conclude that the trial court erred in its order in the case dated September 1, 1976, and republished as of the 6th day of October, 1976, and in not allowing its order dated September 23, 1976, which reduced to writing its verbal order from the bench in open court made on August 13, 1976, to stand.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 17, 1977 — DECIDED MAY 13, 1977.

*Glenville Haldi, Peek, Arnold, Whaley & Cates, William H. Whaley, Jr.,* for appellant.
*B. J. Smith, M. J. Keane,* for appellee.