S08A0289. BROWN et al. v. FOKES PROPERTIES 2002, INC.

(657 SE2d 820)

CARLEY, Justice.

Appellee Fokes Properties 2002, Inc. brought this quiet title action against F. K. Brown and others. The action was heard by a special master, who submitted a report in favor of Appellee. The trial court adopted the special master's report and entered a final judgment. Brown appeals pro se. Appellee's motion to dismiss the appeal or, in the alternative, to strike certain portions of the brief filed by Brown is denied.

1. Brown contends that he was not properly served and notified of the evidentiary hearing, and that these omissions deprived him of the opportunity to present evidence, resulting in erroneous findings of fact.

The record shows that Appellee unsuccessfully attempted personal service on Brown at a Tennessee address. Pursuant to the trial court's order, Brown was served by publication pursuant to OCGA § 23-3-65 (b). In its final order, the trial court found that personal service upon Brown was not possible and that service of process on him was perfected by publication of notice as required by law. In the absence of any transcript of the hearing, we must assume that the evidence, in conjunction with the documents of record relating to service, supported these findings of fact. See *In re Ray*, 248 Ga. App. 45, 46 (1) (545 SE2d 617) (2001). We cannot "consider factual representations in [Brown's] brief which do not appear on record." *Coweta Bonding Co. v. Carter*, 230 Ga. 585, 586 (1) (198 SE2d 281) (1973). Likewise, the exhibit attached to Brown's " 'appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and afford[s] no basis for reversal. (Cit.)' [Cit.]" *Rivera v. Harris*, 259 Ga. 171 (1) (377 SE2d 844) (1989).

Moreover, the record shows that Brown waived service by making a general appearance. Appellee filed an omnibus discovery document on the same day as the petition, and Brown filed a timely response, including objections to Appellee's requests for admissions, interrogatories, and notice to produce.

> "A general appearance by a defendant in an action in a court having jurisdiction of the subject matter amounts to a waiver of the issuance of, or defects in the process served, and confers jurisdiction of his person regardless of the fact that process was not served on him or that the service may have been defective. . . ." [Cit.] [OCGA § 9-11-12] (h) . . . provides: ". . . (1) A defense of . . . insufficiency of service of process is waived . . . ([B]) if it is neither made by motion under this [Code] section nor included in a responsive pleading as originally filed."

*Shepherd v. Shepherd*, 239 Ga. 22, 23-24 (235 SE2d 538) (1977). Where, as here, the defendant does not ever raise the defense by motion or answer, an objection to interrogatories or other discovery requests is sufficient to constitute a waiver of service. *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870) (1979). Compare *Joyner v. Schiess*, 236 Ga. App. 316, 318 (512 SE2d 62) (1999) (" 'participation in discovery *after* the defense of insufficiency of

service has been properly raised in an answer to a complaint does not constitute a waiver of the defective service. (Cit.)' [Cit.]").

Brown was not entitled to notice of the hearing before the special master, because "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial and entry of judgment. . . ." OCGA § 9-11-5 (a). See also *James v. James*, 275 Ga. 165 (562 SE2d 506) (2002).

2. Brown also contends that the trial court erred in adopting the special master's finding that a certain security deed was a basis for holding that title to the property at issue belongs to Appellee. However, Brown again erroneously relies on factual representations which do not appear of record. *Coweta Bonding Co. v. Carter*, supra. In the absence of "a transcript of the evidence before the special master . . . , we are limited to a review of the special master's conclusions of law based upon his findings of fact. [Cit.]" *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 474 (3) (467 SE2d 517) (1996).

Moreover, Brown attacks only one of three independent factual bases upon which the trial court relied, any one of which on its face entitles Appellee to the judgment entered in its favor.

> Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. [Cits.] An appellant's failure to attack alternative bases for [a] judgment results in the affirmance of that judgment. [Cit.]

*Tidwell v. Coweta County Bd. of Education*, 240 Ga. App. 55-56 (1) (521 SE2d 889) (1999). Since each of the alternative grounds which Brown fails to address "is sufficient on its face to support the judgment rendered, and no reversible error has been demonstrated with respect to [either of them], the judgment must be affirmed." *Career Builders v. Southern Industrial Builders*, 149 Ga. App. 392 (254 SE2d 508) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2008.

Frederick K. Brown, *pro se.*
C. Terry Blanton, for appellee.