**ANS ASSOCIATES, INC., a Pennsylvania General Partnership, and Manzoor Chugtai,**

v.

**GOTHAM INSURANCE COMPANY, Mutual Marine Office, Inc., Premium Payment Plan, Excel Insurance Services, Inc., Vintage Insurance Group, and Erik G. Wilson, President and d/b/a Vintage Insurance Group, LLC.**

**Appeal of Premium Payment Plan.**

Superior Court of Pennsylvania.

Argued Jan. 11, 2012.
Filed Feb. 29, 2012.

Joseph H. Blum, Philadelphia, for appellant.

Stephen A. Corbman, Philadelphia, for ANS, appellee.

BEFORE: PANELLA, LAZARUS, and STRASSBURGER,* JJ.

---

\* Retired Senior Judge assigned to the Superior Court.

1. PPP claims this Court has jurisdiction over this appeal because it is from a final order. PPP's Brief at 1. Although it is not clear whether the trial court's March 17, 2011 or-

**OPINION BY STRASSBURGER, J.:**

Premium Payment Plan (PPP) appeals from the March 17, 2011 order denying its petition to strike the default judgment entered on September 2, 2010, against PPP, and in favor of ANS Associates, Inc. (ANS) and Manzoor Chugtai (Chugtai).[1] We reverse and remand.

The trial court summarized the history of this case as follows.

> On November 14, 2008, [ANS] instituted this suit by filing a praecipe for writ of summons. Although the affidavit of service stated that the writ of summons had been sent by ordinary mail, it had a certified mail receipt attached as an exhibit. The receipt was not signed. [An] amended complaint was eventually filed on May 15, 2009. The affidavit of service for the amended complaint states it was mailed ordinary mail, has no delivery receipt and is unsigned.

> [PPP] ... filed no answer or other response to the complaint. No attorney entered an appearance on its behalf prior to the petition at issue in this appeal. On September 2, 2010, a default judgment was entered against [PPP]. On November 22, 2010, damages of $313,807.54 were assessed against [PPP] and two codefendants.

> On January 14, 2011, [PPP] filed a petition to strike the default judgment, or alternatively to open the judgment and stay execution proceedings.... On March 17, 2011, [the trial court] denied those petitions and [PPP] timely appealed.

der in fact disposed of all claims as to all parties, this Court unquestionably has jurisdiction over this appeal under Pa.R.A.P. 311(a)(1), which provides that an order refusing to strike or open a judgment is an interlocutory order immediately appealable as of right.

Trial Court Opinion (TCO), 7/27/2011, at 1–2.

■■■ PPP raises, *inter alia,* the following question for our review: "[w]hether the [trial c]ourt improperly denied [PPP's] Petition to Strike the Default Judgment because the record, as it existed at the time the Judgment was entered, contained insufficient evidence that [PPP] was properly served with original process...." PPP's Brief at 5.[2]

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. In determining whether fatal defects exist on the face of the record for the purpose of striking a judgment, a court may look only at what was in the record when the judgment was entered. We review a trial court's refusal to strike a judgment for an abuse of discretion or an error of law.

*Knickerbocker Russell Co., Inc. v. Crawford,* 936 A.2d 1145, 1146–1147 (Pa.Super.2007) (internal quotations and citations omitted). In conducting our review, we bear in mind that "the rules concerning service of process must be strictly followed." *Lerner v. Lerner,* 954 A.2d 1229, 1237 (Pa.Super.2008).

As PPP is located in New York, ANS was permitted to serve original process upon PPP by mail. *See* Pa.R.C.P. 404(2).

However, the manner of mail service is governed by Rule 403, which provides, in relevant part, "a copy of the process shall be mailed to the defendant by any form of mail **requiring a receipt signed by the defendant or his authorized agent.**" Pa. R.C.P. 403 (emphasis added). As the trial court acknowledged, ANS did not comply with Rule 403:

The record as of September 2, 2010 was devoid of proper proofs of service. The affidavit of the writ demonstrates on its face that [ANS] violated Rule 403 by mailing the writ by ordinary mail to an out[-]of[-]state defendant. Assuming that the language in the affidavits is mistaken and the writ was actually sent by certified mail, the attached receipt lacks the required signature to demonstrate delivery to [PPP's] office. The affidavit of service for the amended complaint states it was sent ordinary mail, has no delivery receipts and is unsigned. Because the record at the time of judgment lacked any showing that either the writ or complaint had been properly served, the default judgment on September 2, 2010 should have been stricken.

TCO, 7/27/2011, at 4.[3]

Based upon these facts, the trial court concluded that it erred: "[t]he Order of this [c]ourt dated March 17, 2011 denying [PPP's] petition to strike should be reversed and the case remanded to the Court of Common Pleas for further proceedings." *Id.* at 5.

■■ ANS and Chugtai argue that there was sufficient evidence of record to estab-

---

2. Based upon our disposition of this issue, we need not address PPP's remaining questions, which are whether the trial court erred (1) in denying PPP's petition to open the default judgment, and (2) in failing to issue a rule to show cause and permitting discovery prior to ruling upon PPP's petition. *See* PPP's Brief at 5.

3. As the trial court noted, although Pa.R.C.P. 404 provides that service outside the Commonwealth also may be made in a manner provided by the law of the jurisdiction in which the party is to be served, service in this case did not satisfy the New York rules. TCO, 7/27/2011, at 3, n. 5.

lish proper service. *See* Brief of ANS and Chugtai at 3. However, in making this argument, ANS and Chugtai rely upon evidence that PPP did in fact receive the writ of summons. *Id.* at 3–4. This evidence was not part of the record at the time the default judgment was entered; thus, as noted above, it may not be considered by the court in ruling upon a petition to strike. Further, "improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Cintas Corp. v. Lee's Cleaning Services, Inc.,* 549 Pa. 84, 700 A.2d 915, 918 (1997). As such, the argument of ANS and Chugtai is without merit.

We commend the learned trial court for conceding its error. We reverse the May 17, 2011 order denying PPP's petition to strike the default judgment and remand the case for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.