J-S12003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN FRIED AND DIANE AYERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LISA COLTON | : | |
| | : | |
| Appellant | : | No. 3499 EDA 2019 |

Appeal from the Order Entered October 15, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 050900132


BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    Filed: July 22, 2021

Lisa Colton appeals from the order,[1] entered in the Court of Common Pleas of Philadelphia County, denying her "Motion to Strike Writ of Revival of Default Judgment Entered on September 19, 2013 and to Strike all Writs of Revival."  Upon review, we affirm.

In July of 2005, Colton improperly excavated the property next to the home of Appellees, Stephen Fried and Diane Ayers.  On April 24, 2008, Appellees obtained a judgment against Colton in the Philadelphia Court of Common Pleas in the amount of $95,610.00 for damages to their home.  On

---

[1] We hereby deny Colton's June 11, 2021 application to file a reply brief *nunc pro tunc*.  Pursuant to Pa.R.A.P. 2185(a)(1), Colton had 14 days from the date Appellees' brief was filed—until March 18, 2021—to file her reply brief.  ***Id.*** The basis for Colton's application is that she "was unable to conduct discovery due to the Covid-19 pandemic restrictions."  Motion, 6/11/21, at 1.   As this Court indicated to Colton previously, we do not permit or oversee discovery during the pendency of an appeal.  ***See*** Order, 4/27/21.

May 23, 2008, Colton timely filed an appeal to this Court, which was dismissed on September 23, 2008. *Fried v. Colton*, 1575 EDA 2008 (Pa. Super. filed Sept. 23, 2008) (unpublished memorandum decision). Appellees obtained a writ of execution against Colton on June 24, 2008. On May 22, 2013, the Pennsylvania Supreme Court denied Colton's petition for review.

On June 10, 2013, Appellees filed a praecipe to issue writ of revival in the Philadelphia Court of Common Pleas (the "2013 Writ").[2] The following day, Appellees attempted to serve Colton with the 2013 Writ at her last known address, 319-321 S. 3rd Street, Philadelphia, PA. The process server was unable to serve the writ, noting that the property was abandoned. Service Affidavit, 6/11/13. On July 18, 2013, Appellees obtained a public record search indicating that Colton's then-current address was likely to be 500 Blauvelt Road, Pearl River, NY. Appellees caused the 2013 Writ to be served

---

[2] Pursuant to Pa.R.C.P. 3025, the lien of a judgment may be revived by filing a praecipe for writ of revival with the prothonotary of the county in which the judgment has been entered. *Id.* There is no time limit for filing a writ of revival. *Shearer v. Naftzinger*, 747 A.2d 859, 861 (Pa. 2000). Justice Zappala clarified, in his concurring opinion in *Shearer*, that:

> A money judgment acts as a lien against real property, but only for five years. The lien must be continued (or revived) to maintain (or obtain a new) place of priority. However, properly speaking, it is the lien that is revived, not the judgment. **There is no outer time limit to executing against real property to satisfy a judgment**, but the proceeds of such a sale must be distributed according to the priority of liens. **Thus [one] can revive the judgment lien as often as they wish** and execute against any real property the [other party] might come to own in the future.

*Id.* at 638-39 (emphasis added).

on Colton at her New York address by a licensed process server on August 5, 2013. Service Affidavit, 8/5/13; ***see also*** Pa.R.C.P. 402(a)(2)(i). Colton did not respond to the 2013 Writ. On August 26, 2013, Appellees served Colton with their ten-day notice of intent to seek default judgment, pursuant to Pa.R.C.P. 237.1(a)(2)(ii), at her New York address, by regular mail with a certificate of mailing. Colton did not respond to the ten-day notice. On September 18, 2013, Appellees filed a praecipe for entry of default judgment of revival. That day, the court entered default judgment in the amount of $125,644.92, including interest owed on the original judgment from 2008.[3]

In July of 2018, Appellees learned that Colton forwarded the mail received at her New York address to her address at 233 Marple Road, Haverford, Delaware County, Pennsylvania (the "Haverford property"). On August 22, 2018, Appellees filed a second praecipe for writ of revival in Philadelphia (the "2018 Writ"). Appellees directed the sheriff of Delaware County to serve Colton with the 2018 Writ at the Haverford property; after multiple unsuccessful attempts, Appellees filed a motion for alternative service

_____

[3] Appellees later determined that Colton was working at a New York hospital pursuant to a skip trace search. A "skip tracer" is "a person employed (as by an insurance company) to locate persons who disappear leaving unpaid bills." *Skip Tracer*, Merriam-Webster's Dictionary (available at https://www.merriam-webster.com/dictionary/skip%20tracer) (last visited 6/29/21). Appellees domesticated the revived judgment in the county clerk's office for Rockland County, New York, on February 4, 2014, pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. § 4306. Appellees garnished Colton's wages at the hospital for almost four years, collecting over $57,000. Brief of Appellees, at 5. Colton never sought relief from the courts in Pennsylvania or New York.

on October 29, 2018, supported by an affidavit describing their attempts to locate and personally serve Colton. *See* Affidavit, 10/29/18, at 2-3. Meanwhile, on September 5, 2018, Appellees filed a praecipe to transfer judgment from the Philadelphia Court of Common Pleas to the Office of Judicial Support for Delaware County. The judgment became a lien on the Haverford property when it was entered in the judgment index of the Delaware County Court of Common Pleas on September 5, 2018, pursuant to Pa.R.C.P. 3027.

On November 5, 2018, the Philadelphia Court of Common Pleas granted Appellees' motion for alternative service and directed Appellees to serve Colton with the 2018 Writ at the Haverford property by certified and regular mail with certificate of mailing and by posting. Appellees mailed the 2018 Writ in accordance with the court's order the following day, and on November 14, 2018, a Delaware County sheriff's deputy posted the 2018 Writ to the Haverford property. Colton did not respond to the 2018 Writ. On December 6, 2018, Appellees served Colton at the Haverford property with their ten-day notice of intent to seek default judgment. Colton did not respond to the ten-day notice. On December 14, 2018, Appellees filed a praecipe for writ of execution with the Delaware County Court of Common Pleas directing the sheriff of Delaware County to levy on and sell the Haverford property to satisfy the judgment. On December 18, 2018, Appellees filed a praecipe for entry of default judgment of revival. That same day, the Philadelphia County court entered default judgment against Colton in the amount of $104,316.49.

On January 30, 2019, Appellees served Colton with a writ of execution package, including the 2018 Writ and a notice of sheriff's sale of real estate, at the Haverford property by certified and regular mail with certificate of mailing. The sheriff of Delaware County was unable to personally serve the writ of execution package on Colton at the Haverford property, despite multiple attempts. On February 25, 2019, Appellees filed a motion for alternative service with the Delaware County Court of Common Pleas, supported by an affidavit detailing their attempts to serve Colton. Affidavit, 2/25/19. On April 8, 2019, the Delaware County Court granted the motion, ordering Colton be served by certified and regular mail with certificate of mailing and by posting at the Haverford property. The sheriff of Delaware County posted copies of the writ of execution, notice of sheriff's sale, and related documents at the Haverford property on April 16, 2019.

On May 15, 2019, Colton filed *pro se* emergency petitions to strike the 2013 Writ and 2018 Writ and to stay the sheriff's sale of the Haverford property. Appellees filed their opposition to her petition on May 17, 2019. That same day, the Delaware Court of Common Pleas denied the petitions. Colton did not seek reconsideration of the order denying her petitions, nor did she appeal from the order of the Delaware County court. A third-party bidder purchased the Haverford property for $171,000 at the sheriff's sale on May 17, 2019. The sheriff conveyed the Haverford property to the third-party purchaser via sheriff's deed dated July 17, 2019, which was recorded with the Delaware County Office of the Recorder of Deeds that day. Colton did not file

a petition to set aside the sale of the Haverford property pursuant to Pa.R.C.P. 3132. *See id.* (petition to set aside sheriff's sale of real property must be filed before deed to property is delivered to purchaser).

On July 25, 2019, Colton filed an emergency motion to strike all writs of revival of default judgment in the Philadelphia Court of Common Pleas. Upon consideration of Colton's motion, Appellees' answer, Colton's reply, and Appellees' surreply, the court denied Colton's motion on October 15, 2019.

On November 12, 2019, Colton timely appealed to this Court. Both Colton and the trial court have complied with Pa.R.A.P. 1925. Colton raises the following issues for our review:

1. The Philadelphia Common Pleas Court erred in not striking the writ of revival of default judgment as there are fatal defects/irregularities on the face of the record of this case.

2. The default judgments dated December 18, 2018[,] and September 18, 2013[,] entered by the Philadelphia Common Pleas Court [are] void.

3. The Sheriff's sale dated May 17, 2019[,] is a nullity as it was based on a void judgment.

Brief of Appellant, at 2.

As this Court explained in *ANS Assoc.'s Inc. v. Gotham Ins. Co.*, 42 A.3d 1074 (Pa. Super. 2012):

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record[.] An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. In determining whether fatal defects exist on the face of the record for the purpose of striking a judgment, a court may look only at what was

in the record when the judgment was entered. We review a trial court's refusal to strike a judgment for an abuse of discretion or an error of law.

*Id.* at 1076 (internal citations omitted).

Colton argues that the Philadelphia Court of Common Pleas erred in failing to strike "two improperly served writ[s] of revival[ of default judgment]" and failing to undo the sale of the Haverford property where the judgment giving rise to its sale was not properly revived. Brief of Appellant, at 4 (unnecessary capitalization omitted). No relief is due, as Colton's claims are barred by the doctrine of *res judicata*.

It is well-settled that *res judicata* "bars the re[-]litigation of issues that either were raised or could have been raised in [a] prior proceeding." ***Khalil v. Cole***, 240 A.3d 996, 1004 (Pa. Super. 2020). "[T]he doctrine of *res judicata* holds that a final[,] valid[4] judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." ***Dempsey v. Cessna Aircraft Co.***, 653 A.2d 679, 680-81 (Pa. Super 1995) (en banc); ***see also Gardner v. Consol Rail Corp.***, 100 A.3d 280, 282-83 (Pa. Super. 2014) ("The failure to appeal from a final order renders the doctrine of *res judicata* applicable."). A

_____

[4] We summarily reject Colton's argument that allegedly improper service of the 2018 Writ renders the December 18, 2018 default judgment invalid, as the record belies her assertion that "[s]ervice of the Second Writ was . . . not [made] upon [her] attorney of record as required by statutory law." ***See*** Brief of Appellant, at 4; ***see also*** Pa.R.C.P. 237.1 (no judgment of default shall be entered unless praecipe for entry includes certification that written notice of intent to file praecipe was mailed or delivered to party's attorney of record); Service Affidavit, 12/18/18 (certifying written notice of intent to file praecipe was mailed or delivered to Colton's attorney of record).

judgment which disposes of all claims of all parties is deemed final for purposes of *res judicata* until or unless it is reversed on appeal. **Shaffer v. Smith**, 673 A.2d 872 (Pa. 1996). Additionally, the doctrine of *res judicata* applies to default judgments. **See Signora v. Liberty Travel, Inc.**, 886 A.2d 284 (Pa. Super. 2005) (appellant precluded on basis of *res judicata* and law of the case doctrine from challenging two default judgments entered by trial court establishing liability on plaintiff's claims), **rev'd on other grounds in Andrews v. Cross Atlantic Capital Partners, Inc.**, 158 A.3d 123 (Pa. Super. 2017) (en banc) (overruling the **Signora** Court's analysis of 43 P.S. § 260.10 (liquidated damages) to hold that employee's receipt of prejudgment interest on breach of contract claim for unpaid wages did not preclude recovery of liquidated damages in additional claim under Wage Payment and Compensation Law). "*Res judicata* may bar a second action based upon the same transaction even if additional grounds for relief are presented." **Dempsey**, *supra* at 682.

For *res judicata* to apply, there must be four common elements between the two actions: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." **Id.** at 681.

Here, Colton's appeal is barred by *res judicata* because Colton sought the same relief in Philadelphia County that was originally sought and denied in Delaware County, and Colton failed to timely appeal from the order of the

Delaware County court. The identities and capacities of the parties in the Philadelphia County proceedings are the same as those in the prior Delaware County proceedings. Finally, causes of action and identity of the thing sued upon are also identical.

To elaborate, on May 15, 2019, Colton filed a *pro se* emergency petition in Delaware County asking the court to strike two writs of revival of default judgment, allegedly improperly served on August 5, 2013 and December 18, 2018, and to stay the Sheriff's sale of the Haverford property. The Delaware County court denied the petition by order dated May 17, 2019. Colton did not seek reconsideration of the order denying her emergency petition, nor did she file an appeal, timely or otherwise. **See** Pa.R.A.P. 903(a) (thirty-day time limit for filing appeal). That same day, the Haverford property was sold to a third-party bidder by Sheriff's deed. The Sheriff conveyed the Haverford property to the purchaser by deed dated July 17, 2019, which was recorded with the Delaware County Office of the Recorder of Deeds that day. Colton did not take any action to preserve her rights with respect to the Haverford property, such as filing a timely petition to open/set aside the sheriff's sale. Rather, Colton filed a second emergency petition on July 25, 2019, asking the Philadelphia County court to strike the same writs of revival that the Delaware County court declined to strike and to undo the sale of real property that the Delaware County court declined to prevent. It is undisputed that Colton failed to timely appeal from the May 17, 2019 order of the Delaware County court,

and that such order was a final order because it disposed of all claims of all parties. **See** Pa.R.A.P. 341(b)(1); Pa.R.A.P. 903(a).

Under these circumstances, Colton is entitled to no relief. *Res judicata* precludes Colton from relitigating the same claims[5] she raised in Delaware County in the subsequent proceeding filed in Philadelphia County. **Dempsey**, *supra*; **Signora**, *supra*.

Order affirmed.

---

[5] Similarly, the "law of the case" doctrine precludes judges of coordinate jurisdiction from overruling each other's decisions absent exceptional circumstances, such as a change in controlling law, a substantial change in facts giving rise to the dispute, or where the prior decision would create manifest injustice if followed. **See Commonwealth v. Starr**, 664 A.2d 1326, 1332 (Pa. 1995) (law of case doctrine subsumes coordinate jurisdiction rule). Here, the Philadelphia Court of Common Pleas, citing **Starr**, correctly declined to overrule the decision of a judge on the Delaware County Court of Common Pleas after noting a lack of exceptional circumstances. **See** Trial Court Opinion, 6/23/20, at 4-5. Our review confirms that there was no change in controlling law or substantial change in facts giving rise to the dispute. Furthermore, no manifest injustice resulted from the sale of the Haverford property; there is no dispute that Colton was subject to a valid judgment from 2008, **see** Brief of Appellant, at 5 (Colton "does not at all attack the validity" of the 2008 judgment), that Colton owned the Haverford property, or that the Haverford property was unexempt from execution. Therefore, no relief is due. **Id.**; **see also Signora**, **supra** (*res judicata* and law of case doctrine provide independent bases to preclude appellant from challenging default judgments).

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/21