J-S31017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PETER KREHER AND LAUREN KOGEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL MOORE, CLASS HARLAN, | : | |
| INC., INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A CLASS HARLAN REAL | : | No. 858 EDA 2022 |
| ESTATE, COMPASS PENNSYLVANIA, | : | |
| LLC, INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A FLO SMERCONISH | : | |
| REAL ESTATE, LLC, JAY GINSBURG, | : | |
| INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A THE JAY GINSBURG | : | |
| GROUP AND/OR A/K/A  AND/OR | : | |
| D/B/A THE JAY GINSBERG GROUP AT | : | |
| ADDISON WOLFE REAL ESTATE, AND | : | |
| MANCUSO AND MAZZELL, LLC, | : | |
| INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A ADDISON WOLFE | : | |
| REAL ESTATE AND/OR A/K/A | : | |
| AND/OR D/B/A THE JAY GINSBERG | : | |
| GROUP AT ADDISON WOLFE REAL | : | |
| ESTATE AND JOHN DOE/JANE | : | |
| DOE/ABC CORP. | : | |
| | : | |
| | : | |
| APPEAL OF: CAROL MOORE | | |

Appeal from the Order Entered February 22, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2021-01126


BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                      **FILED MARCH 8, 2023**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant Carol Moore appeals from the February 22, 2022 order denying Appellant's petition to open and set aside the default judgment entered against her in the amount of $450,000.00, and in favor of Appellees Peter Kreher and Lauren Kogen.[1] After review, we affirm in part, reverse, in part, and remand for further proceedings consistent with this memorandum.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> This case arises out of a slip and fall incident. On March 7, 2019, Plaintiff, Peter Kreher (hereafter "Appellee") was walking in the parking lot area on the premises of the property known as 101-103 Mechanics Street, Doylestown, Pennsylvania, when due to an alleged accumulation of snow and ice, Appellee slipped and fell resulting in alleged injuries to Appellee.
>
> Appellee commenced this action by filing a complaint on March 2, 2021. Pertinent to the instant appeal, in said Complaint Appellee avers that [Appellant], along with the other named defendants, were agents, servants, workmen, representatives, and/or employees of their joint venture/business which entailed the owning and operation of the above referenced property. On April 7, 2021, Appellee filed an affidavit of service attesting that service of the complaint on [Appellant] was effectuated via Federal Express two (2) day service at [Appellant's] address of 240 Pine Valley Road SE, Marietta, Georgia, 30067. Proof of service was attached to the affidavit in the form of the Federal Express detailed tracking sheet that shows said [the] complaint was delivered on Thursday, March 11, 2021 at 10:[07] a.m. On April 7, 2021, Appellee filed a praecipe to reinstate the complaint. On April 14, 2021, Appellee filed another praecipe to reinstate the complaint. On April 27, 2021, Michael H. Fienman, Esq., entered his appearance as counsel of record for [Appellant].

---

[1] An order denying a motion to open, vacate, or strike off a judgment is immediately appealable. *See* Pa.R.A.P. 311(a)(1) (interlocutory appeals as of right).

Appellant . . . never filed any response to the complaint and as such on May 7, 2021, Appellee filed a praecipe for default judgment against [Appellant] for $450,000.00. The praecipe was signed by the Bucks County Prothonotary. Said praecipe included a Pa.R.C.P. 236 notice, also signed by the Bucks County Prothonotary. Also attached to the praecipe was a copy of the Notice to Appellant . . . dated April 7, 2021, that Appellee would seek a default judgment and that Appellant had ten (10) days to respond to the complaint. As the docket and court file reflects, no responsive pleading by Appellant was filed upon receipt of said notice on April 7, 2021, and as such the default judgment against Appellant was entered on May 7, 2021.

On May 21, 2021, Appellant filed a petition to open and set aside the default judgment, arguing that the default judgment should be opened because Appellee never properly effectuated service of the complaint on Appellant because Appellee did not require nor obtain a "signed receipt by [Appellant]" allegedly in violation of Pa.R.C.P. 403, Pa.R.C.P. 404, and 42 Pa.C.S. § 5323. On June 3, 2021, Appellee filed response in opposition to the motion to lift default, which argues that Appellant did receive actual notice of the complaint and actual notice of the intent to seek a default judgment which included a copy of the complaint. Furthermore, Appellee's response also argues that in the time after Appellant's counsel entered his appearance but before the default judgment was entered, Appellee's counsel was in repeated contact and conversation with Appellant's counsel about allowing Appellant time to filing a responsive pleading, such as preliminary objections, before Appellee would seek the default judgment, but that Appellant's counsel refused to respond because it was counsel's position that service was improper.

On November 11, 2022, Mr. Fienman, Esq., filed a motion to withdraw as counsel citing irreconcilable differences with [Appellant] and good cause to withdraw in compliance with the grounds set forth in Pennsylvania Rule of Professional Conduct 1.16(b). On January 27, 2022, this court issued a rule to show cause as to why counsel's motion to withdraw should not be granted. On February 17, 2022, this court issued an order denying Appellant's motion to open and [set] aside the default judgment. On February 22, 2022, Mr. Fienman filed a motion to make rule absolute arguing that he should be permitted leave to withdraw because no party, including [Appellant] had filed a response to his motion to withdraw. On March 14, 2022, this court issued an order granting Mr. Fienman leave to withdraw as counsel

for [Appellant]. On March 16, 2022, Mr. Fienman, Esq., filed a praecipe for withdrawal of appearance as counsel for Appellant.

Trial Ct. Op., 5/31/22, at 1-3.

The February 17, 2022 order denying Appellant's motion to open and set aside the default judgment was entered on the trial court docket and served on the parties on February 22, 2022.[2] On March 18, 2022, Appellant filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

Whether the trial court committed an error of law or abused its discretion in denying [Appellant's] petition to open and set aside the default judgment (the "petition") in its order dated February 17, 2022, which was entered on the docket on February 22, 2022, for the following reasons:

1. Because oral argument on the petition was specifically requested by Appellant and was denied by the trial court, there is no transcript or opinion relating to the court's order denying the petition and the reasons for the trial court's order are vague and/or not discernable from the record.

2. Because Appellant alleged in her petition all of the three prongs necessary for opening the default judgment 1) a prompt filing of a petition to open the default judgment; 2) a meritorious defense; and 3) a reasonable excuse or explanation for her failure to file a responsive pleading, which required the trial court to open the default judgment.

---

[2] **See** Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); **see also** Pa.R.C.P. 236.

3. Because Appellant alleged in her petition significant irregularities or fatal defects apparent in the record to render the default judgment invalid (because [Appellees] failed to properly serve original process on Appellant because Appellant lives out of state and a signed return receipt was not obtained), which required the trial court to strike the default judgment, and the trial court did not have discretion not to do so.

4. Because there was no assessment of damages hearing related to the default judgment and the default judgment was entered against Appellant in the amount of $450,000.00, a figure that was pulled out of thin air and is only referenced in the default judgment papers themselves, not in the complaint or otherwise determined at an assessment of damages hearing.

Appellant's Brief at 6 (formatting altered).

Our standard of review regarding the denial of a petition to open a default judgment is as follows:

[We must] examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case. Moreover, this Court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. Where the trial court's analysis was premised upon record evidence, where its findings of fact were deductions from other facts, a pure result of reasoning, and where the trial court made no credibility determinations, this Court may draw its own inferences and arrive at its own conclusions. Finally, where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

**Reid v. Boohar**, 856 A.2d 156, 159 (Pa. Super. 2004).

A petition to open a judgment is an appeal to the equitable powers of the court. It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open

- 5 -

must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense[.]

We need not, however, engage in the above analysis if the party seeking to open the judgment has not received valid service or notice of the proceedings. If the plaintiff has failed to effectuate valid service and if the defendant lacks notice of the proceedings against him, the court has no jurisdiction over the party and is powerless to enter judgment.

*Century Sur. Co. v. Essington Auto Center, LLC*, 140 A.3d 46, 53–54 (Pa. Super. 2016) (citations omitted and formatting altered).

Additionally, we note that "[a] petition to strike a judgment operates as a demurrer to the record. As such, it is not a matter calling for the exercise of discretion." *Williams v. Wade*, 704 A.2d 132, 134 (Pa. Super. 1997) (citation omitted). "A petition to strike a judgment may be granted only where a fatal defect in the judgment appears on the face of the record." *Id.*

In her first three issues, Appellant argues: 1) the reasons for the trial court's order are vague and not discernable from the record; 2) she satisfied the requirements to open a default judgment; and 3) there is a fatal defect in the record because Appellant failed to effectuate service of process. Appellant's Brief at 14-28.

After review of the briefs of the parties, the certified record, and relevant legal authority, we conclude that the trial court's opinion accurately and thoroughly addresses each of these issues. *See* Trial Ct. Op., at 5-15. Accordingly, with respect to Appellant's first three issues, we discern no error

of law or abuse of discretion in the trial court's order entered on February 22, 2022, and we affirm on the basis of the trial court opinion.[3] ***See id.***

In Appellant's fourth issue, she asserts that the trial court abused its discretion or committed an error of law in awarding Appellees $450,000.00 in damages. Appellant's Brief at 28-29. Appellant contends that Appellees' complaint did not contain a "sum certain," there is no support for an award of $450,000.00, and there was no assessment of damages. ***Id.*** at 29-31.

Appellees respond that this issue is waived due to Appellant's failure to raise it before the trial court. Appellees' Brief at 35-36. Appellees contend

---

[3] In the Dissenting Memorandum, our learned colleague contends that the trial court erred in concluding that service was proper, and would, therefore, reverse the trial court's order denying Appellant's petition to strike. ***See*** Dissenting Mem., at 2-7. We respectfully disagree. As the trial court noted, Appellant's counsel entered his appearance for Appellant on April 27, 2021, prior to entry of the default judgment. ***See*** Trial Ct. Op., 5/31/22, at 2. The trial court also noted that service of process outside of Pennsylvania will be deemed proper where service comports with the requirements of that jurisdiction. ***See id.*** at 9 (citing Pa.R.C.P. 404(4)). As stated, Appellees served Appellant in the state of Georgia. Under Georgia law, a party waives defects in service where counsel enters a general appearance in a court having subject matter jurisdiction. ***See Brown v. Fokes Properties 2002, Inc.***, 657 S.E.2d 820, 821 (Ga. 2008). Where a court otherwise has subject matter jurisdiction, this waiver "confers jurisdiction of his person regardless of the fact that process was not served on him or that the service may have been defective." ***Id.*** Georgia caselaw provides that the entry of appearance must be in a court with subject matter jurisdiction; it does not state that the entry of appearance must be in Georgia. ***See id.*** Here, the court having subject matter jurisdiction is in Bucks County, Pennsylvania, where Appellant's counsel entered his appearance on April 27, 2021, prior to the entry of the default judgment. Bearing in mind these principles, Appellant waived defects to service in Georgia under Georgia law. As such, the trial court correctly concluded that there was no defect as to service, and, therefore, there is no fatal defect supporting a petition to strike.

that Appellant raised this issue for the first time in her Rule 1925(b) statement. *Id.* at 36. Appellees argue that issues, which are not presented to the trial court, cannot be raised for the first time in a Rule 1925(b) statement. *See id.* (citing *Cabot Oil v. Speer*, 241 A.3d 1191, 1196 (Pa. Super. 2020) (stating "[a]ppellants cannot raise issues for the first time in a Rule 1925(b) statement").

Similarly, the trial court found this issue waived because Appellant did not raise it in her petition to open and set aside default judgment. *See* Trial Ct. Op., at 16 (citing Pa.R.A.P. 302(a) (stating "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). However, the trial court continues:

> now that the issue of assessment of damages has been raised, and upon this court's independent review of the record with regard to the default judgment entered by the prothonotary, this court is now concerned that the default judgement perhaps should have been entered only as to liability against Appellant and an assessment of damages hearing should have been held.

*Id.* at 16-17 (formatting altered).

After careful review of the record, we conclude that the amount of damages was an issue before the trial court. In the complaint, Appellees state above the caption: "This is a major jury case assessment of damages hearing Required." Appellees' Compl., 3/2/21, at 2. Moreover, we note that "default judgments generally are governed by the Pennsylvania Rules of Civil Procedure and are entered by prothonotaries and without judicial

involvement." ***EMC Mortg., LLC v. Biddle***, 114 A.3d 1057, 1069 n.8 (Pa. Super. 2015). Upon entry of a default judgment:

> The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.

Pa.R.C.P. 1037(b)(1).

Upon review, we agree with Appellant that there was no sum certain, and the prothonotary lacked the authority to assess damages and enter an award of $450,000.00. ***See Evans v. Allied Discount Co.***, 184 A.2d 345, 347 (Pa. Super 1962) (concluding that the prothonotary has authority to award damages where the amount is a sum certain or can be made certain by computation, otherwise "the damages shall be assessed at a trial at which the issues shall be limited to the amount of damages."); ***see also Oguejiofor v. Sgagias***, 2022 WL 4589773, at *5 (Pa. Super. 2022) (noting that while the prothonotary was permitted to enter default judgment, it lacked the authority to assess damages); Pa.R.C.P. 1037(b)(1).

For these reasons, we conclude that although the prothonotary properly entered default judgment, the prothonotary lacked the authority to assess damages and the portion of the judgment awarding damages must be stricken. ***See Oguejiofor***, 2022 WL 4589773 at *5. Accordingly, we vacate that part of the judgment awarding Appellees $450,000.00, and we remand for a separate trial as to damages only. ***See King v. Fayette Aviation***, 323

A.2d 286, 226 (Pa. Super. 1974) (concluding that although default judgment should not have been opened, where the amount of damages depended upon reasonable value of an aircraft and its salvage value, the damages were not a "sum certain," and a separate trial on damages was necessary).

In conclusion, we conclude that Appellant is due no relief on her first three issues, and we reach this conclusion based on the trial court opinion. See TCO. However, with respect to the amount of damages, we vacate the that portion of the judgment awarding Appellees $450,000.00 and remand for a trial on damages only.

Judgment affirmed in part and reversed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/08/2023

- 10 -