J-S31017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PETER KREHER AND LAUREN KOGEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL MOORE, CLASS HARLAN, | : | |
| INC., INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A CLASS HARLAN REAL | : | No. 858 EDA 2022 |
| ESTATE, COMPASS PENNSYLVANIA, | : | |
| LLC, INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A FLO SMERCONISH | : | |
| REAL ESTATE, LLC, JAY GINSBURG, | : | |
| INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A THE JAY GINSBURG | : | |
| GROUP AND/OR A/K/A  AND/OR | : | |
| D/B/A THE JAY GINSBERG GROUP AT | : | |
| ADDISON WOLFE REAL ESTATE, AND | : | |
| MANCUSO AND MAZZELL, LLC, | : | |
| INDIVIDUALLY AND/OR A/K/A | : | |
| AND/OR D/B/A ADDISON WOLFE | : | |
| REAL ESTATE AND/OR A/K/A | : | |
| AND/OR D/B/A THE JAY GINSBERG | : | |
| GROUP AT ADDISON WOLFE REAL | : | |
| ESTATE AND JOHN DOE/JANE | : | |
| DOE/ABC CORP. | : | |
| | : | |
| | : | |
| APPEAL OF: CAROL MOORE | | |

Appeal from the Order Entered February 22, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2021-01126

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED MARCH 8, 2023**

---

[*] Former Justice specially assigned to the Superior Court.

I respectfully dissent. Upon review, I cannot agree with the learned Majority's conclusion that Appellant received effective service of original process. Since I find the lack of proper service apparent and dispositive, I would reverse the order denying Appellant's petition to strike.[1]

This Court's standard of review regarding appeals from petitions to strike is *de novo* and our scope of review is plenary. *See Penn Nat'l Mut. Cas. Ins. Co. v. Phillips*, 276 A.3d 268, 273 (Pa.Super. 2022). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Id*. at 273-74 (cleaned up). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered." *Id*. at 274 (cleaned up). I also emphasize that "the rules concerning service of process must be strictly followed." *ANS Assocs., Inc. v. Gotham Ins. Co.*, 42 A.3d 1074, 1076 (Pa.Super. 2012) (cleaned up).

In the case *sub judice*, Appellee attempted service as follows:

> On April 7, 2021, Appellee filed an affidavit of service attesting that service of the complaint on [Appellant] was effectuated via Federal Express two[-]day service at [Appellant's] address of 240

---

[1] I note that Appellant's counsel at the time misnamed Appellant's petition to open and petition to strike as "Defendant's Petition to Open and Set Aside the Default Judgment." *See* Defendant's Petition to Open and Set Aside the Default Judgment, 5/21/21 (capitalization altered). Nonetheless, it is apparent that counsel purported to file a petition to open and/or strike and merely misnamed the striking portion. *See id*. at 8 (asking that the default judgment "be opened, vacated, and set-aside, based on the lack of proper original service of process, and Plaintiffs' claims dismissed").

Pine Valley Road SE, Marietta, Georgia, 30067. Proof of service was attached to the affidavit in the form of the Federal Express detailed tracking sheet that shows said complaint was delivered on Thursday, March 11, 2021 at 10:[07] a.m.

Trial Court Opinion, 5/31/22, at 1-2 (cleaned up). Critically, below where the tracking sheet stated that the package had been "delivered," it indicated that "signature not required." *Id*. at 10; *see also* Affidavit of Service of Complaint, 4/7/21, at 3.

Pennsylvania Rule of Civil Procedure 404 provides for service outside the Commonwealth of Pennsylvania as follows:

Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof:

(1) by a competent adult in the manner provided by Rule 402(a);

(2) by mail in the manner provided by Rule 403;

(3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction;

(4) in the manner provided by treaty; or

(5) as directed by the foreign authority in response to a letter rogatory or request.

Pa.R.C.P. 404. Service in this case implicates Rule 404(2) and (3).

Rule 403 provides in pertinent part that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by

- 3 -

the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa.R.C.P. 403.

The Georgia statute implicated by Rule 404(3) provides that proof of service shall be made as follows:

Process shall be served by:

(1) The sheriff of the county where the action is brought or where the defendant is found or by such sheriff's deputy;

(2) The marshal or sheriff of the court or by such official's deputy;

(3) Any citizen of the United States specially appointed by the court for that purpose;

(4) A person who is not a party, not younger than 18 years of age, and has been appointed by the court to serve process or as a permanent process server; or

(5) A certified process server as provided in Code Section 9-11-4.1.

Ga. Code § 9-11-4(c).

The Majority affirms the trial court's denial of Appellant's petition to strike on the basis of the trial court's opinion. **See** Majority Memorandum at 7. For the reasons that follow, I find the trial court's analysis fundamentally flawed. First, the trial court considered Appellant's claims pertaining to the petition to open and the petition to strike together, notwithstanding that "[a] petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." **Penn Nat'l Mut. Cas. Ins. Co.**, **supra** at 274 n.6 (citation omitted). In doing so, the

- 4 -

trial court considered its denial of Appellant's petition to strike pursuant to the standard of review reserved for a denial of a petition to open.[2] *See* Trial Court Opinion, 5/31/22, at 7-8, 15 (setting forth only the three-prong analysis and abuse of discretion standard for a denial of a petition to open in addressing Appellant's claims that the court erred in denying her petition to open and her petition to strike). Thus, to the extent that the Majority relies upon the trial court's reasoning, I find that it has erroneously ratified a significant legal defect. Indeed, the trial court's conflation of the legal standards essentially results in the denial of Appellant's petition to strike *sub silentio*.

Second, the trial court found that service was properly effectuated because there was sufficient proof of service pursuant to Georgia law and, therefore, service was also in compliance with the Pennsylvania rules governing service of process. *See id*. at 14-15. However, upon review, I

_____

[2] The trial court also found that Appellant waived her service-of-process claims because she failed to file preliminary objections raising such a claim. *See* Trial Court Opinion, 5/31/22, at 13. I find this conclusion to be based on a misapplication of our precedent and the Rules of Civil Procedure. This Court has held that "[d]efects in service of process must be raised in preliminary objections." *Cinque v. Asara*, 585 A.2d 490, 492 (Pa.Super. 1990) (citations omitted). However, critical in the *Cinque* decision was that the defendant's attorney had entered an appearance and filed an answer and new matter regarding the underlying merits of the litigation despite defendant not being served. Contrarily, other than counsel entering an appearance, Appellant in the case *sub judice* did not otherwise engage in the litigation. Thus, no waiver results. *See*, *e.g.*, *Cathcart v. Keene Indus. Insulation*, 471 A.2d 493, 499 (Pa.Super. 1984) ("For waiver to occur, a party must take some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forgo objection to the defective service.").

conclude that Appellee failed to effectuate service of process in a manner that comported with Pennsylvania or Georgia law. With respect to Georgia law, the trial court erroneously relied on Ga. Code § 9-11-4(h), which concerns return of service and is the counterpart to our Pa.R.C.P. 405. As noted, the portion of the Georgia statute pertaining to service of process is § 9-11-4(c). Here, Appellee's attempted service did not comply with this subsection because a Federal Express driver is not one of the enumerated individuals authorized to serve process pursuant to § 9-11-4(c). Thus, service did not comport with Pa.R.C.P. 404(3).

The Majority finds that Appellant waived her challenge to the defects in service pursuant to Georgia law because Appellant's counsel entered his appearance prior to the entry of default judgment in a court having subject matter jurisdiction in Bucks County, Pennsylvania. **See** Majority Memorandum at 7 n.3 (citing **Brown v. Fokes Properties 2002, Inc.**, 657 S.E.2d 820 (Ga. 2008)). I disagree.

> It is a long[-]standing rule of law that where the record discloses that a defendant was never served with a copy of the complaint and summons attached thereto, and if the defendant has not either waived service or made a general appearance in the case, there is no valid suit pending in the trial court and the trial court does not acquire personal jurisdiction over the defendant. However, any act by which one consents to the jurisdiction of the court constitutes a waiver.

**Bigley v. Lawrence**, 253 S.E.2d 870, 871 (Ga.Ct.App. 1979) (citations omitted). In **Brown**, the Supreme Court of Georgia concluded that Brown had waived a defense of defective service by entering a general appearance.

- 6 -

Specifically, Brown, acting *pro se*, entered his appearance in the appropriate Georgia court and, in response to plaintiff's discovery request, filed a timely response objecting to the requests. In finding waiver, the Court relied in part upon its previous decision in **Shepherd v. Shepherd**, 235 S.E.2d 538, 539 (Ga. 1977). In **Shepherd**, the Court noted as follows with regards to general appearances and waivers to defects in the service of process:

> "A **general appearance** by a defendant in an action in a court having jurisdiction of the subject matter amounts to a waiver of the issuance of, or defects in the process served, and confers jurisdiction of his person regardless of the fact that process was not served on him or that the service may have been defective. A defendant **who appears and pleads to the merits** without previous objection to the process, and without also objecting to the jurisdiction of the court over his person, waives any objection which he may have had to the issuance of the process, or the service, and even any objection based on the ground of total want of service."

**Shepherd v. Shepherd**, 235 S.E.2d 538, 539 (Ga. 1977) (quoting E.G.L. Appearances Vol. 2, p. 161) (emphases added).

> An appearance is general where it is an absolute submission to the jurisdiction of the court, or defendant takes any substantive step in the proceedings, or does some act which recognizes the case as in court, which is made or done for any purpose other than to question the jurisdiction thereof, and which bears some substantial relation to the cause. Such appearance must be express, or arise by implication from defendant seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself, or detrimental to plaintiff, other than one contesting the jurisdiction only.

**Tate v. Leres**, 200 S.E. 325, 327–28 (Ga.Ct.App. 1938). In **Tate**, the Georgia Court of Appeals found that a general appearance had been entered because "the defendants not only made this informal appearance by the

- 7 -

attorney marking his name opposite the defendants' names on the docket, but followed up this informal appearance with a motion for a continuance, and thus derived a benefit thereunder." *Id*. at 327. In a subsequent case, the Georgia Supreme Court held that the mere entry of an appearance by wife's counsel and communication between wife's counsel and husband's counsel did not constitute a general appearance waiving wife's challenge to defective service where she did not submit any motions or pleadings or commit any other overt acts evincing participation in the litigation. *See Baker v. Baker*, 120 S.E.2d 308, 311 (Ga. 1961).

Here, as in *Baker*, Appellant's counsel entered an appearance and communicated with Appellee's counsel. However, also as in *Baker*, Appellant did not otherwise participate in the litigation. Accordingly, pursuant to Georgia law, I find that the written entry of appearance and communication with Appellee's attorney did not rise to the level of a general appearance by Appellant that would have resulted in a waiver of Appellant's challenge to defective service of process.

Having found that service of process was not proper under Georgia law and that Appellant did not waive that defective service, I would next consider whether service conformed with Pennsylvania law. Upon review, I conclude that service did not conform to Pa.R.C.P. 403 because Appellee mailed the complaint to Appellant via Federal Express in a manner that did not require a signature upon receipt. *See* Affidavit of Service of Complaint, 4/7/21, at 3.

Thus, this is not a case where Appellant acted in a dilatory manner by refusing to sign a receipt; it is a case where Appellee chose to effect service in a manner that did not require a receipt, in contravention of the requirements of Pa.R.C.P. 403. *See ANS Assocs.*, *supra* at 1076 (holding that attempted service of process to out-of-state defendant by ordinary mail did not comply by Rule 403 because it lacked a signature requirement).

Finally, the trial court erred insofar as it relied heavily on Appellant receiving actual notice of the complaint in denying her petition to strike. *See Trial Court Opinion*, 5/31/22, at 2-3, 11-13, 15. In considering a petition to strike, the law of this Commonwealth is that "a court may only look at what was in the record when the judgment was entered." *Penn Nat'l Mut. Cas. Ins. Co.*, *supra* at 274 (cleaned up). At the time judgment was entered, the record was silent as to actual notice. It was not until after Appellant filed her petition to open or set aside judgment that Appellee asserted Appellant had actual notice of the complaint. Instead, the record at the time judgment was entered contained Appellee's affidavit of service, which included the Federal Express tracking sheet expressly stating that no signature was required. This Court has previously disapproved of considering evidence under analogous circumstances. *See ANS Assocs.*, *supra* at 1076-77 (holding that evidence that defendant received actual notice of the commencement of a civil action could not be considered in ruling on a petition to strike where it was "not part of the record at the time the default judgment was entered").

Based on the foregoing, the face of the record at the time judgment was entered demonstrated a fatal defect. Therefore, I would conclude that the trial court erred in denying Appellant's petition to strike. Accordingly, I would reverse the order denying the petition to strike. Having determined that the trial court should have granted the petition to strike, I would not reach Appellant's remaining issues. **See id**. at 1076 n.2 (declining to address whether trial court erred in denying a petition to open default judgment where this Court reversed the court's order denying a petition to strike).

I respectfully dissent.